AUTOCAR SALES AND SERVICE Co., INC., Appellant, *v.* GERTRUDE HANSEN et al., as Administrators with the Will Annexed of the Estate of CHRIS HANSEN, Deceased, Respondents.

(Argued March 13, 1936; decided April 14, 1936.)

*George H. Barber* for appellant. When the defendants served their answer on August 31, 1934, section 79 of the Personal Property Law (Cons. Laws, ch. 41), as amended by chapter 728 of the Laws of 1934, was in effect, and all subsequent proceedings herein were governed by said section as amended. (*Laird* v. *Carton,* 196 N. Y. 169; *Sackheim* v. *Pigueron,* 215 N. Y. 62; *Ives* v. *South Buffalo Ry. Co.,* 201 N. Y. 271; *Eagle Picher Lead Co.* v. *Mansfield Paint Co., Inc.,* 201 App. Div. 223; *Christiano* v.

*Christiano,* 204 App. Div. 47; *Nicholson* v. *City of New York,* 85 Misc. Rep. 563.) The plaintiff did not retake the burned truck, under the provisions of the Personal Property Law or under the contract of conditional sale. (*Brucker* v. *Carroll,* 86 Misc. Rep. 414; *Scribner* v. *Levy,* 23 N. Y. St. Repr. 351; *Barber* v. *Gray,* 4 Misc. Rep. 193.)

*John H. Broderick* and *George H. Rothlauf* for respondents. The amendment to section 79 of the Personal Property Law by chapter 728 of the Laws of 1934, which became effective subsequent to the commencement of this action, is not applicable. (*People ex rel. City of New York* v. *Nixon,* 229 N. Y. 356; *Edwards* v. *Kearzey,* 96 U. S. 595; *Northern Pacific Ry. Co.* v. *Wall,* 241 U. S. 87; *Montgomery Acceptance Co.* v. *Coons,* 263 N. Y. 561; *Addiss* v. *Selig,* 264 N. Y. 274; *Feiber Realty Corp.* v. *Abel,* 265 N. Y. 94; *Walker* v. *Walker,* 155 N. Y. 77; *Jacobus* v. *Colgate,* 217 N. Y. 235; *Hollenbach* v. *Born,* 238 N. Y. 34; *United States* v. *Heth,* 3 Cranch, 399; *Orinoco Realty Co.* v. *Bandler,* 233 N. Y. 24; *Dalziel* v. *Rosenfeld,* 265 N. Y. 76; *United States Mortgage & Trust Co.* v. *Ruggles,* 258 N. Y. 32; *Isola* v. *Weber,* 147 N. Y. 329; *O'Reilly* v. *Utah, N. & C. Stage Co.,* 87 Hun, 406; *Ralph* v. *Cronk,* 266 N. Y. 428; *Matter of Messinger,* 29 Fed. Rep. [2d] 158.) The plaintiff retook possession of the four trucks and was required under the provisions of section 79 of the Personal Property Law to sell them within thirty days after the retaking. Its failure to do so entitled the defendants to recover judgment against the plaintiff as directed by the trial court. (*Montgomery Acceptance Corp.* v. *Coon,* 263 N. Y. 561; *Grossman* v. *Weiss,* 129 Misc. Rep. 234.)

CRANE, Ch. J. The plaintiff is a New Jersey corporation transacting business within the State of New York. On the 30th day of November, 1931, one Chris Hansen, now deceased, executed a written conditional sales contract with the plaintiff wherein and whereby he purchased four auto car trucks bearing serial numbers 716–6844,

716–6845, 716–6846 and 716–6847 for the sum of $26,217.04. The ordered trucks were delivered to Hansen, who died on November 11, 1932. Gertrude Hansen and the Manufacturers National Bank of Troy were appointed administrators of the will annexed, now the defendants herein. There was a balance due on the purchase price of these trucks of $1,973.43, so that $24,243.61 had been paid prior to the commencement of this action which was brought to recover the possession of three of the trucks.

The complaint was served on June 12, 1934, and the answer of the defendants on August 31, 1934. This answer set forth that as more than fifty per cent of the purchase price had been paid, and the trucks were not sold within thirty days after possession was regained, the defendants were entitled to at least one-fourth of the amount of the payments, pursuant to section 80-e of the Personal Property Law (Cons. Laws, ch. 41). To this counterclaim no reply was served. As stated, this action was brought to recover possession of three of the cars numbered respectively 716–6844, 716–6845 and 716–6847. The fourth truck was not replevined. It had been destroyed by fire and the plaintiff in this action made no claim to it nor was its possession delivered to the plaintiff by reason of the conditional bill of sale or any rights thereunder.

The case came on for trial. The defendants did not ask for judgment upon their counterclaim on the pleadings, that is, because of the failure to serve a reply. An agreed statement of facts was submitted to the court and it was stipulated that the judge should decide the case not only on the pleadings but also on these agreed facts. The stipulation reads: " It is further stipulated that this case is submitted to this Trial Term of the Supreme Court, Hon. ELLIS J. STALEY presiding, for decision upon the pleadings and the foregoing stipulations, and the parties stipulate that judgment may be

entered upon the decision of the court herein in the same manner as if this cause were tried before the Court and a jury, pursuant to the provisions of Section 440-a of the Civil Practice Act."

The failure, therefore, to serve a reply to the counter-claim is of no importance. The agreed statement of facts contains the following: " On September 30, 1933, pursuant to a requisition of replevin the sheriff of Albany county seized trucks numbers 716–6844, and 716–6845, and thereafter, and at the expiration of three days from the seizure, delivered them to the plaintiff, which retained possession thereof. On the 5th day of October, 1933, the sheriff of Clinton County, N. Y., pursuant to a requisition of replevin, seized truck number 716–6847, and on the 9th day of October, 1933, delivered it to the plaintiff, which retained it." It is further stipulated and the plaintiff admits that it did not within thirty days after it had repossessed the trucks sell them pursuant to the provisions of section 79 of the Personal Property Law as it existed before the amendment of 1934.

This section required the seller, after a taking of property, to sell the same at public auction not more than thirty days after the retaking, provided at least fifty per cent of the purchase price had been paid. The plaintiff admits that it failed to comply with this law and is, therefore, subject to the penalty provided in section 80-e of the Personal Property Law. This section reads as follows:

" Recovery of Part Payments. If the seller fails to comply with the provisions of sections  *  *  *  seventy-nine  *  *  *  after retaking the goods, the buyer may recover from the seller his actual damages, if any, and in no event less than one-fourth of the sum of all pay-ments which have been made under the contract, with interest."

Under this law the defendants on their counterclaim were entitled to one-fourth of the payments made upon

the three cars or trucks retaken by the plaintiff unless the amendment to section 79 of the Personal Property Law, effective May 19, 1934, applies. The amendment is chapter 728 of the Laws of 1934 modifying the provision regarding a sale at public auction within thirty days. The amendment reads: " Provided, however, that when the seller retakes possession of the goods by legal process, and an answer is interposed the seller may hold such retaken goods for a period not to exceed thirty days after the entry of a judgment by a court of competent jurisdiction entitling the seller to possession of such goods before holding such resale."

The dates become important. The possession of the three trucks was retaken under the conditional bill of sale through seizure in replevin in September and October, 1933. Under the law in force at that time the defendants had certain property rights which were vested in them. They became entitled to not less than one-fourth of the money paid for these trucks unless the plaintiff sold the same within thirty days at public auction. The time expired in November of 1933, and at that time there was not less than $4,545.68 due the defendants by contract and by law which became a part of the contract. This debt due from the plaintiff to the defendants was a property right, a cause of action which could not be taken from the defendants by subsequent legislation. The amendment to section 79 taking effect May 19, 1934, has no retroactive effect so as to deprive these defendants of the money due or the right to collect it.

Moreover, chapter 728 of the Laws of 1934 gives no indication on its face that it was the intention of the Legislature to make it retroactive. As a general rule of construction legislation speaks for the future and is not retroactive except in matters which pertain merely to procedure. The appellant, plaintiff, has argued that this legislation pertains merely to procedure, but as to this we do not agree. Such cases as *Sackheim* v. *Pigueron*

(215 N. Y. 62), relating to the burden of proof in an action brought to recover damages for death through negligence; or *Laird* v. *Carton* (196 N. Y. 169), with reference to the issuance of garnishee executions, are not in point. The first relates solely to procedure and the second enlarges rights rather than takes them away.

That statutes which take away or deprive one of vested rights in property should not receive a construction making them retroactive see *Addiss* v. *Selig* (264 N. Y. 274); *Feiber Realty Corp.* v. *Abel* (265 N. Y. 94); *Hollenbach* v. *Born* (238 N. Y. 34, 38); *Jacobus* v. *Colgate* (217 N. Y. 235), and *Orinoco Realty Co.* v. *Bandler* (233 N. Y. 24, 28).

We have thus far dealt with the three trucks to recover which this action has been brought. As to the fourth truck the facts are entirely different, and we think a different conclusion should be reached than that found by the trial court. The facts stipulated are these: " That on the 5th day of September, 1933, truck 716–6846 was damaged by fire, and that on the 6th day of September, 1933, a fire adjuster by the name of Gable, representing the Fire Insurance Company that insured said truck for the benefit of the plaintiff and defendant Hansen, as administratrix, ordered the said truck to be removed from the scene of the fire to the place of business of the plaintiff in the city of Albany; that the delivery of said truck to the plaintiff was made without any knowledge on the part of either defendant, and that the defendant Hansen, as administratrix, was informed of said delivery to the plaintiff the same day by Mr. Soden, an insurance agent in the city of Cohoes, representing the insurer, and that the plaintiff has retained possession of said truck ever since that date, and that the plaintiff has never offered to return it to either defendant, and that neither defendant has ever demanded its return."

This action was not brought to recover nor to replevin this fourth truck; the plaintiff did not take possession of it under its conditional contract of sale or through the sheriff;

it took no steps or action to repossess the truck through any of its agencies; the truck was in the possession of the defendants when it was destroyed or damaged by fire; the insurance adjuster took the remains of the truck from the defendants and left it with the plaintiff, for what purpose we do not know.

The plaintiff has never refused to return the truck nor have the defendants ever demanded its return. There is nothing whatever in the evidence or the agreed statement of facts to show that the plaintiff took this truck or repossessed itself of this truck under its conditional bill of sale or any rights pertaining thereto, nor does it appear that the insurance agent acted for the plaintiff and not for his own insurance company. We do not think, therefore, that the plaintiff should be charged with the duty of reselling this truck within thirty days or with the return of one-fourth of the purchase price paid upon it. The statutes above referred to have no application to such circumstances or possession. This results in a modification of the judgment to the following extent:

It is conceded that all the trucks were of equal value, and we must, therefore, assume that the $24,243.61 was paid ratably on all four. Therefore, $6,060.90 was paid on number four truck, and $18,182.71 on the other three. The defendants are entitled to one-fourth of this latter amount, or $4,545.68, with interest.

The judgments of the Appellate Division and of the Trial Term should be modified in accordance with this opinion, and as so modified affirmed, with costs to the appellant in this court.

LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgment accordingly.