**AARON MACHINERY CO., Inc.,**
Petitioner-Appellee,

v.

**UTRILON CORPORATION, Debtor-Appellant.**

**No. 25, Docket 26868.**

United States Court of Appeals Second Circuit.

Argued Oct. 11, 1961.

Decided Nov. 16, 1961.

84

Sanford M. Katz, New York City (Donner, Perlin & Piel, New York City, on the brief), for petitioner-appellee.

Joel B. Zweibel, New York City (Krause, Hirsch, Gross & Heilpern, New York City, on the brief), for debtor-appellant.

Before CLARK, WATERMAN and MOORE, Circuit Judges.

MOORE, Circuit Judge.

This is an appeal from a judgment of the district court ordering that appellee, Aaron Machinery Co. (Aaron), recover possession of two chattels, i. e., two pieces of machinery, from appellant, Utrilon Corporation. These two pieces were part of eleven (11) machines sold under a conditional sale contract by Aaron to Utrilon. The sale price was $8,055.79, but two items were never delivered and $378 was credited to Utrilon's account, thus reducing the contract price to $7,677.79. Utrilon paid $5,287.40 on the contract and then defaulted. As a result of the default, the conditional seller, Aaron, repossessed seven of the nine pieces on April 25, 1960, leaving the two involved in this appeal in Utrilon's possession. On May 2, 1960, Utrilon filed a petition for an arrangement under Chapter XI of the Bankruptcy Act. On July 13, 1960, Aaron sold two of the repossessed machines for $774.17. On July 19, 1960 Aaron petitioned the Referee in Bankruptcy for an order directing Utrilon to surrender the two items not previously repossessed. The Referee concluded that, since more than 50% of the purchase price had been paid and since Aaron had failed to comply with the compulsory resale provisions of Section 79 of the New York Personal Property Law as to the seven items already repossessed, Section 80-c thereof discharged the buyer's obligation to return the two items still in his possession. The noncompliance consisted of failure to resell at public auction within 30 days after the retaking; and as to the two items eventually resold, failure to give and post the statutory notice of sale, and failure to publish notice of sale (required since Utrilon had paid more than $500 to Aaron).

The district court reversed the Referee's order and directed that Aaron recover possession of the two machines. The district court held that, although Section 80-c discharged Utrilon from all contractual obligations (including a deficiency judgment) to Aaron as to the repossessed machines, Sections 79 and 80-c "do not limit the seller's right to repossess; those sections come into operation only after the seller is in possession."

Since the buyer had paid at least fifty per cent of the purchase price at the time of retaking, Section 79 is applicable and required resale by Aaron at a public auction within thirty days. It is conceded that none of the seven items repossessed were sold in compliance with these requirements. The only question is as to the consequences under Section 80-c, which reads:

"Where there is no resale, the seller may retain the goods as his

own property without obligation to account to the buyer except as provided in section eighty-e [which allows the buyer to recover the higher of his actual damages or one-fourth of all payments made], *and the buyer shall be discharged of all obligations."* (N.Y.Pers.Prop.Law, § 80-c.) (Emphasis added.)

Here several items were sold under a single contract. The question is whether "all obligations" should be construed to refer only to the buyer's obligations with respect to the specific items not resold, or whether it should be construed to refer to the entire conditional sales contract even though the contract covers other property besides that not resold as required.

The answer to the problem of partial repossession is not to be found either in the language of the New York statute or in any case dealing directly with the question of whether a conditional seller who has failed to comply with the compulsory resale requirements as to property previously repossessed thereby forfeits his right to repossess the remainder of the property covered by the same agreement. Section 80-c is identical with § 23 of the Uniform Conditional Sales Act, but this question does not appear to have been litigated thereunder.

Utrilon contends that Aaron has lost its rights to the two machines not retaken at the time Aaron repossessed the other seven. However, Aaron effectively counters with the hypothetical situation of a vendor who succeeds in retaking only a small portion of the property initially. No matter how insignificant the amount retaken, this property would have to be sold in compliance with the compulsory resale provisions to preserve the seller's right to retake the remainder. This would impose an undue burden on the seller if he managed to (or chose to) retake only a few dollars worth of property initially. The seller's failure to resell the property initially retaken can legally affect the remaining property only if "other obligations" is construed to refer to other obligations under the same *contract,* rather than to other obligations with respect to the *physical property* retaken and not resold. But if the phrase refers to obligations under the contract, then it would follow that the buyer would not only be able to retain the items not originally repossessed, but the buyer would also be discharged of any obligation to pay for these items. This would indeed be a windfall for the buyer, which might result from the inadvertent failure of the seller to take the required steps to resell a few dollars worth of property. Such a construction would also mean that the extent of the consequences imposed by Section 80 would depend on the fortuitous circumstance of how many items were included in one conditional sale contract.

The rights and liabilities arising under Section 80-c when *all* the property covered by a multi-item contract is repossessed and not resold are limited to the discharge of all obligations as to those specific items. There is no reason to think that where the Seller repossesses part and fails to resell the New York courts would increase the penalty by holding that the seller also forfeits his rights as to *other* property in the buyer's possession simply because it is covered by the same contract.

The buyer will still be afforded the protection intended. Thus, there can be no deficiency judgment as to the portion of the contract price attributable to property not resold as required. And the buyer will still be able to recover damages under Section 80-e.[*] See Autocar Sales & Service Co. v. Hansen, 270 N.Y. 414, 1 N.E.2d 830 (1936). As to the last two items not yet repossessed, Aaron is still subject to the resale requirements of Section 79 and to the damage provisions of Section 80-e.

---

[*] It would appear that damages would be at least one-quarter of such portion of the payments made ($5,287.40) as the contract price of the seven items repossessed bears to the total contract price of the nine items.