Lee Towns Adams, J.
On October 17, 1971 the plaintiff sustained injuries during the course of his employment. He received workmen’s compensation benefits in the amount of $15,238.63. Mr. Phillips sustained his injuries as a result of the negligence of third parties, and he brought suit in the Supreme Court against such parties. He was successful and the amount of his recovery is sufficient to repay the State Insurance Fund in full the moneys which such fund, as compensation carrier for plaintiff’s employer, paid him. The compensation carrier wants full reimbursement, and alleges that it has, under the law, a lien for the full sum of $15,238.63.
Prior to the effective date of chapter 190 of the Laws of 1975, section 29 of the Workmen’s Compensation Law granted compensation insurance carriers full liens against third-party recoveries, with no duty to pay any of the costs "incurred in effecting such recovery.” Chapter 190 of the Laws of 1975, effective June 10, 1975, provides for equitable apportionment of the costs of a third-party recovery between the insurance company lienor and the covered employee. The plaintiff, petitioner in this motion, asks that chapter 190 of the Laws of 1975 be construed retrospectively, and that $5,373.31, or one third of his costs in recovering his third party claim, be apportioned against the lienor carrier’s lien. The respondent carrier contends that retrospective application of the act of 1975 would be improper, illegal, and perhaps even unconstitutional.
"Nova constitutio futuris formam imponere debet, non praeteritis, ”[1] is one of the oldest axioms of the common law. In the early days of the independence of the State of New York it was expressed as follows: "the provisions of a statute cannot *1089 have a retrospective or ex post facto operation, unless declared to be so by express words, or positive enactment.” (Terrington v Hargreaves, 3 Moore & P. 137.) A more modern formulation of the axiom is that stated in Bullock v Town of Durham (64 Hun 380, 382): "An act of the legislature is not to be construed retrospectively so as to take away a vested right. (Dash v. Van Kleeck, 7 Johns., 477; Watkins v. Haight, 18 id., 138 * * *) It will not be construed to operate upon existing rights and liabilities without it in express terms expresses such intention. (Johnson v. Burrell, 2 Hill, 238; People ex rel. Ryan v. Green, 58 N. Y., 295-304.)”
Our Court of Appeals in this decade (1973) points out (Matter of Deutsch v Catherwood, 31 NY2d 487, 489-490) that "it is axiomatic that an amendment will have prospective application only, unless its language clearly indicates that a contrary interpretation is to be applied.”
Even express indication that retrospective application is intended cannot effectuate such application if the result be to impair the obligation of contracts. (US Const, art I, § 10.)
The proscriptions against applying changes in the law to pre-existing conditions are not applicable to laws governing adjective matters[2] (such as statutes of limitation). Lawyers whose clients would benefit from a retrospective operation of a statute always claim, accordingly, that such a statute is procedural. That claim is advanced, and eloquently advanced, by plaintiff-petitioner herein, and that claim must be denied.
Were the petitioner to succeed, $5,000 would be removed from respondent’s coffers and placed in petitioner’s because an action was brought to judgment after June, 1975 rather than before June, 1975. That would be a very concrete substantive result of an adjective, procedure change. Actually, to agree with petitioner would be to agree that (1) the Legislature has the power to reduce an existing lien, and (2) intended so to do, even though it did not expressly so state.
For respondent’s right of reimbursement, its lien on any third-party recovery, was a vested right. It is claimed that it was inchoate because the funds upon which it is a lien did not become available until the judgment was acquired. That is not the law. One can have a vested right in future estates even *1090 though subject to divestment. A chattel mortgage on agricultural crops to be grown is vested, even though draught and cold may conspire to prevent the planted crops from ripening.
Respondent’s lien vested when it applied its first dollar to petitioner’s use. It was then a full lien. It cannot be diminished. The motion for apportionment of plaintiffs costs of recovery is denied.

. Bracton 2 Inst 292, Liber IV, fol 228.

. A statute impairing the remedy is constitutional, especially where it operates merely by way of limitation in point of time. (Jackson ex dem. Lepper v Griswold, 5 Johns 139.)