OPINION OF THE COURT
Aaron D. Bernstein, J.
On August 8, 1977, Mr. and Mrs. Saporita contracted with the Delco Corporation to resurface the exterior of their Brooklyn home. Delco Corporation used a resurfacing agent called "Re-Nu-It”. The contract price was $4,655, and $4,600 of the contract price was financed by a retail installment contract between the Saporitas and Delco Corporation. Upon the completion of the work, Delco assigned the contract to the Darth-mouth Plan, Incorporated, a sales finance corporation licensed by the State Banking Department (see Banking Law, § 491 et seq.). This assignment was executed on September 15, 1977, and the Darthmouth Plan assigned it to codefendant National Bank of North America (hereinafter referred to as National Bank) on the following day. The Saporitas had found their exterior walls were blistered and discolored. Their suit alleges that the resurfacing job was done negligently and that "Re-Nu-It” was a defective product. The plaintiffs have thus far paid $779.62 on their contract. Codefendants Darthmouth Plan and National Bank moyé for summary judgment so as to limit their respective liabilities to $779.62.
The retail installment obligation has a notice in bold print, which reads: "any holder of this consumer credit contract IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED *529 amounts paid by the debtor hereunder.” The Federal Trade Commission has mandated that this identical notice appear in consumer credit contracts (16 CFR 433.2; 40 Fed Reg No 233, 53506, Nov. 18, 1975). New York passed an amendment in 1970 to the Personal Property Law prior to the promulgation of the Federal Trade Commission rule (see L 1970, ch 299, § 2). Subdivision 5 of section 403 of the Personal Property law presently reads as follows: "the assignee of a retail installment contract or obligation shall be subject to all claims and defenses of the buyer against the seller arising from the sale notwithstanding any agreement to the contrary, but the assignee’s liability under this subdivision shall not exceed the amount owing to the assignee at the time the claim or defense is asserted against the assignee.” The purpose of this subdivision of the Personal Property Law is to eliminate the holder in due course defense in retail installment sales contracts (see Governor’s Memorandum of Approval, NY Legis Ann, 1970, p 490; Gramatan Home Investors Corp. v Lopez, 46 NY2d 481, 487).
Under the holder in due course defense in retail installment contracts, the buyer must continue to make his payments to the assignee of the contract, which is usually a bank or finance company, even though the seller has failed to live up to his promises. Usually in this type of contract the seller agrees not to assert defenses or claims against an assignee; the practical result is that the assignee has the equivalent rights of collection of a holder in due course of commercial paper (see 40 Fed Reg No 233, 53507-53508). Such contract clauses are prohibited (Personal Property Law, § 403, subd 2, par [a]). Both the New York statute and Federal Trade Commission rule are intended to protect consumer contract debtors, such as the plaintiffs.
The plaintiffs seek to recover a sum greater than the $779.62 they have paid thus far on the contract. Under the Federal Trade Commission rule the consumer could not recover more than the amount already paid in (Guidelines on Trade Regulation Rule Concerning Preservation of Consumers’ Claims and Defenses, 41 Fed Reg 20022, 20023 [May 14, 1976]). New York’s present Personal Property Law does not provide such a limitation on the creditors’ liability. "[T]he assignee’s liability under this subdivision shall not exceed the the amount owing to the assignee at the time the claim or defense is asserted againt the assignee” (Personal Property *530 Law, § 403, subd 5; emphasis supplied).[1] The New York statute is controlling over the Federal Trade Commission rule. The Federal Trade Commission’s jurisdiction extends to transactions in interstate commerce (Guziak v Federal Trade Comm., 361 F2d 700, cert den 385 US 1007). National banks, such as National Bank of North America, fall within the jurisdiction of the Comptroller of Currency (see US Code, tit 12, § 1 et seq.). Although the transactions all occurred within the bounds of New York, intrastate activity does not preclude the commission’s jurisdiction (see, e.g., Sun Oil Co. v Federal Trade Comm., 350 F2d 624, cert den 382 US 982; Safeway Stores v Federal Trade Comm., 366 F2d 795, cert den 386 US 932). However, only the commission may enforce the provisions of the Federal Trade Commission Act; consumers and the members of the public may not bring suit to enforce its provisions (Holloway v Bristol-Meyers Corp., 485 F2d 986; Fulton v Hecht, 580 F2d 1243, reh den 585 F2d 520, cert den 440 US 981). Since the suit at bar is not based upon the enforcement of the Federal Trade Commission’s law or rules and both codefendants are licensed by the State of New York’s Banking Department, this court finds the New York Personal Property Law to be controlling.
Under the terms of the Personal Property Law which were in effect at the time of the contract’s execution and subsequent assignment, the assignee’s liability would be limited to the amounts already paid in, namely, $779.62. The last sentence of the old subdivision 5 of section 403 provided a limitation on the buyer’s remedy: "Rights of the buyer under this section can only be asserted as a matter of defense to or set-off against a claim by the assignee.” A recent amendment dropped this provision (see L 1978, ch 643, § 2). The present version of the statute presents a conflict between the Federal Trade Commission and New York rules.[2] The old version of the statute will be given effect here because the contract was executed before the 1978 amendment which changed the remedy to the detriment of the assignee. A statute will not be given effect to interfere with antecedent or vested rights *531 unless the statute expresses an unequivocal intention that this is what the Legislature intended (Western N. Y. & Pa. Ry. Co. v City of Buffalo, 296 NY 93; Hastings v Byllesby & Co., 293 NY 413; Autocar Sales & Serv. Co. v Hansen, 270 NY 414). To provide a retroactive construction of the enactment would serve to "impair the obligation of contracts” (see Phillips v Agway, Inc., 88 Misc 2d 1087; US Const, art 1, § 10, cl 1). To give the presently worded statute effect in this case would open up the assignee’s liability to amounts beyond what it would have been liable for under the old statute which was in effect when the contract and assignments were executed. Darthmouth Plan and National Bank might not have accepted the assignments under the presently worded statute. They took the assignments with the knowledge of both the Federal Trade Commission rule and subdivision 5 of section 403 of the Personal Property Law which were similar in result. To impose the remedy of the amended statute would impair the contractual relationship which the parties understood to be at the time of execution and assignment.
Seven hundred seventy-nine dollars and sixty-two cents have already been paid to the National Bank, and it is liable to the plaintiffs in that amount. Under the assignment contract between the Darthmouth Plan and the National Bank, Darthmouth agreed to indemnify and hold the bank harmless. Both codefendants are not to be held liable for the other consequential and tort damages surrounding the negligent surfacing of the plaintiffs’ walls. Delco Corporation is the proper party to proceed against for these damages.[3]
The motion and cross motion for summary judgment are granted only on the causes of action or the retail installment sales contract.

. Under certain circumstances a buyer would want to invoke the New York rule over the Federal Trade Commission rule,, such as in a case where there is a greater amount owing than paid in. Under the Federal Trade Commission rule recovery here would be limited to $779.62, while under New York law the recovery would be about $4,864.64, the amount still due on the contract.

. The Legislature should amend the statute so as to remove this inconsistency. The Federal Trade Commission rule is presently the better rule.

. Unfortunately, this defendant has gone out of business.