OPINION OF THE COURT
Stanley Harwood, J.
Plaintiff is the holder of what it has denominated a “note” and a mortgage, both executed by defendants to secure payment of a loan in the amount of $14,853 for purchase and installation of a solar heating system. The “note” is a two-page document labeled “Retail Installment Obligation” and denominates Total Energy Corp. as the contract seller. The “note” contains a notation that the property improvements being purchased are “as described in the attached contract or work order dated 11/26/79”, a copy of which has not been submitted. It also contains a provision to the effect that the contract will be assigned to Price Walters Association, Inc., upon completion of the improvements and that Price Walters may assign the contract to another purchaser. The “note” and mortgage were assigned to plaintiff in 1979. According to defendants, Total Energy Corp. has since gone bankrupt and is currently under indictment in Suffolk County.
This action was commenced in March, 1981 on defendants’ alleged default for the amount now allegedly due on the “note” and for foreclosure on the mortgage. Defendants interposed an answer in March, 1982, generally denying failure to pay and pleading as affirmative defenses breach of contract, breach of warranty and fraud on the part of Total Energy Corp. in selling and installing the solar *98 heating system. Defendants claim the system has never worked, will cost $10,000 to repair, and that plaintiff and Price Walters made unsuccessful attempts to have the system repaired. Defendants also interpose a counterclaim pursuant to article 12 of the Energy Law. That article requires that all contracts made before January 1, 1981 contain, inter alia, the name of the manufacturer of the system, the minimum projected thermal performance characteristics of the system, and if the system is sold without warranties, a statement to that effect; contracts made after January 1,1982 must contain a statement to the effect that no warranties are made unless stated in the contract. (See Energy Law, § 12-104.) Section 12-110 of the Energy Law permits an owner of a solar heating system injured by a violation of any of the provisions of article 12 to bring an action in his own name and to recover his actual damages.
Plaintiff now moves for summary judgment on the complaint and dismissing the affirmative defenses and counterclaim, asserting that it is an innocent bystander to and is without notice of any breach or fraud on the part of Total Energy Corp. and claiming the benefits of holder-in-due-course defense. Although defendants focus their attention on whether there is an issue of fact as to plaintiff’s status as a holder in due course, the real issue is whether plaintiff may assert that purported status so as to entitle it to summary judgment. This court concludes that it cannot. In bold type on the face of the “note” and in accordance with the mandates of 16 CFR 433.2 is printed the following: “any holder of this consumer credit contract is subject TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS paid by the debtor hereunder.” Subdivision 4 of section 403 of the Personal Property Law (as renum), provides in pertinent part that “the assignee of a retail instalment [sic] contract or obligation shall be subject to all claims and defenses of the buyer against the seller arising from the sale notwithstanding any agreement to the contrary, but the assignee’s liability under this subdivision shall not exceed the amount owing to the assignee at the time the
*99 claim or defense is asserted”. Thus, not only is the holder-in-due-course doctrine eliminated from the field of consumer credit sales (see Gramatan Home Investors Corp. v Lopez, 46 NY2d 481), plaintiff may be answerable in damages on the counterclaim. (Personal Property Law, § 403, subd 4; Energy Law, § 12-110.) Although there is a conflict between the contract and the Personal Property Law as to the limit of plaintiff’s potential liability, the higher limit provided for in the statute is controlling. (Cf. Saporita v Delco Corp., 104 Misc 2d 527.) Since defendants raise issues of fact with respect to the defenses and counterclaim, plaintiff’s motion must be denied.