OPINION OF THE COURT
Arthur D. Spatt, J.
Motion by sixth-party defendant Long Island Trust Company (Long Island) for an order, pursuant to CPLR 3211 (subd [a]), dismissing the sixth-party complaint served on said party on or about July 3, 1981, on the grounds that said complaint fails to state a cause of action, and that *552 there is a defense to said complaint founded upon documentary evidence, after hearing oral argument by the parties and upon review of the supplementary papers submitted pursuant to this court’s prior order dated July 2, 1982 (Spatt, J.), same is denied.
By prior order referred to above, the court directed further oral argument and submissions as to the following issues:
“First, sixth party plaintiff Biehl seems to allege that its action against Long Island (assignee) is not based upon a claim arising from Marina, the assignor’s conduct, but arises from a warranty issued directly by movant.
“Secondly, movant asserts that its claim against Long Island is based, at least in part, on a claim of fraud. Such claim, contends Biehl, bars the applicability of § 403 (4).
“To determine the nature of Biehl’s claim against Long Island, namely whether it is based upon its own direct conduct and/or whether it is based upon fraud, the Court directs that counsel appear for oral argument at chambers on July 15, 1982, promptly at 9 a.m.
“In addition to argument with regard to the nature of Biehl’s claim, the parties shall also consider the question of whether, assuming Biehl’s claim is based on Long Island’s own warranty or fraud, Personal Property Law § 403 (4) would nonetheless be applicable.”
The court hereby incorporates and makes a part hereof the entire said July 2, 1982 order.
The supplementary submissions reveal that sixth-party plaintiff Biehl does indeed premise his claim against movant Long Island upon direct, purportedly fraudulent oral representations, made to him by a “loan officer” of movant Long Island. Long Island disputes the making of oral representations (fraudulent or otherwise) and contends that it, as assignee, had no privity of contract with Biehl. Thus, argues Long Island, any claim of fraud by Biehl against Long Island is categorically foreclosed by the provisions of subdivision 4 of section 403 of the Personal Property Law (former subd 5 pre-1978).
Contrary to movant’s contention, the court finds that if Biehl is able, on a factual level, to establish that a direct *553 fraudulent representation was made by Long Island and relied upon by him, then, in that event, former subdivision 5 (now subd 4) of section 403 of the Personal Property Law would not bar Biehl’s cause of action.
As noted by movant in its memorandum of law, the enactment of former subdivision 5 of section 403 resulted from the Legislature’s desire to eliminate the “holder in due course defense” in retail installment contracts. (See Gramatan Home Investors Corp. v Lopez, 46 NY2d 481; Saporita v Delco Corp., 104 Misc 2d 527; 1970 NY Legis Ann, p 490; and see, generally, 60 Cornell L Rev 503, Holders in Due Course in Consumer Transactions: Requiem, Revival or Reformation?)
Thus, to the extent that an assignee such as Long Island is sued purely in its capacity as a “holder in due course”, that is, based solely upon the alleged wrongful conduct of the assignor, former subdivision 5 of section 403 of the Personal Property Law permits recovery to the extent that the assignee’s liability does not “exceed the amount owing to the assignee at the time the claim or defense is asserted against the assignee.” Similarly, such right of action against the assignee “holder in due course” is limited by former subdivision 5 of section 403 to a “defense to or set-off against a claim by the assignee.” Thus, in permitting a claim to be made against the “holder in due course” in retail installment sales, the Legislature granted the consumer-debtor a limited right of action where, prior thereto, no such action existed.
However, where the “holder in due course” (assignee) is sued not as a result of his vicarious liability, that is, as a result of the assignor’s wrong, but as a result of his own alleged wrong, this limitation on recovery as against the assignee does not apply.
There is an unfettered right of recovery against the assignee (holder in due course) as to a claim arising from his own direct dealings with the consumer. (See, generally, 41 NY Jur, Negotiable Instruments, § 323; 42 NY Jur, Negotiable Instruments, § 454; Uniform Commercial Code, § 3-305, Comment 1, p 186; cf. 60 Cornell L Rev 503, 563 et seq.) Any other construction of former subdivision 5 of *554 section 403 of the Personal Property Law would transform that section from an ameliorative tool designed to protect the consumer into a shield for the assignee who has committed his own direct wrong.
Of course, this decision makes no finding as to whether such direct wrong occurred, or whether any fraud was perpetrated or relied upon so as to warrant a judgment in favor of Biehl. However, former subdivision 5 of section 403 of the Personal Property Law is not a categorical bar to an action seeking to establish such a claim.