■ MARINE MIDLAND BANK, N. A., Respondent, v CLARENCE J. VIVLAMORE et al., Appellants.—Mahoney, J. Appeals (1) from that part of an order of the Supreme Court (Plumadore, J.), entered September 3, 1991 in Franklin County, which dismissed defendants' first affirmative defense, (2) from an order of said court, entered November 6, 1991 in Franklin County, which, upon reargument, granted plaintiff's motion for summary judgment, and (3) from that part of an order of said court, entered February 5, 1992 in Franklin County, which granted plaintiff's application for costs and sanctions.

In December 1988, defendants purchased a used car from Bailey Motor Company, Ltd. (hereinafter the seller). They financed a large portion of the sales price through the seller and, in conjunction therewith, executed a standard form retail installment contract which, consistent with the requirements

of 16 CFR 433.2 (a) and Personal Property Law § 302 (9), contained a provision removing the availability of holder in due course status to subsequent assignees of the contract. The clause provided that "any holder of this consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained pursuant hereto or with the proceeds hereof". Shortly after execution and as contemplated in the contract, the seller assigned the contract to plaintiff.

Matters proceeded without incident until February 1989 when, while driving the vehicle, defendant Eric J. Vivlamore was struck from behind by a vehicle owned by the seller. Defendants' vehicle was completely destroyed. Shortly thereafter, defendants ceased making payments on the loan, prompting plaintiff to commence this action to recover the unpaid sum. In their answer defendants, relying upon the above clause, asserted as an affirmative defense their claim against the seller arising out of the automobile accident. Concluding that the clause did not operate to make assignees subject to defenses that are totally unforeseeable and completely unrelated to the sale, Supreme Court granted plaintiff's motion to dismiss this defense and, following reargument, granted plaintiff's previous motion for summary judgment. Later, in connection with a subsequent motion by defendants to reargue the grant of summary judgment to plaintiff and dismissal of the affirmative defense, the court, at plaintiff's request, assessed costs and sanctions against defendants in the amount of $585.52 ($335.52 costs, $250 sanctions). As limited by their brief, defendants appeal only the dismissal of their affirmative defense and the award of costs and sanctions.

Turning first to the sufficiency of the affirmative defense, we agree with Supreme Court that the clause relied upon by defendants does not sweep so broadly so as to include within its reach defenses such as that asserted here which are unconnected with the sale and arise out of a completely separate incident. As noted earlier, the contract language upon which defendants base their defense is required to be included in all consumer credit contracts by Federal Trade Commission regulation (16 CFR 433.2 [a]) and derives verbatim therefrom (cf., Saporita v Delco Corp., 104 Misc 2d 527, 528-529). An examination of Federal case authority interpreting the intended scope of this language and the interpretive guidelines issued by the Federal Trade Commission on this subject make clear that the purpose of the regulation is to abrogate holder in due course status of subsequent assignees

*only* as regards those claims and defenses connected to or arising out of the transaction financed *(see, Armstrong v Edelson,* 718 F Supp 1372, 1378-1379; Guidelines on Trade Regulation Rule Concerning Preservation of Consumers' Claims or Defenses, 41 Fed Reg 20023 [1976]; Promulgation of Trade Regulation Rule and Statement of Basis and Purpose, 40 Fed Reg 53506 *et seq.* [1975]; *accord,* Personal Property Law § 302 [9]).

We are unpersuaded by defendants' argument that certain of the language contained in the Federal Trade Commission's 1976 guidelines, to wit, "[16 CFR 433.2 (a)] does apply to all claims or defenses connected with the transaction whether in tort or contract" (Guidelines on Trade Regulation Rule Concerning Preservation of Consumers' Claims or Defenses, 41 Fed Reg 20024 [1976]), stands for the proposition that *all* tort claims involving the goods are preserved. A plain reading of that language, inasmuch as it makes clear that in order to be asserted against a subsequent holder the tort claim must be connected with and arise out of the sales transaction (e.g., fraud, misrepresentation), belies their claim. Because the instant defense is totally independent of and unrelated to the sale of the vehicle, Supreme Court properly concluded that it cannot be asserted against plaintiff under the authority of the subject clause.

We disagree, however, with Supreme Court's imposition of frivolity sanctions (22 NYCRR 130-1.1). While the rationale for assessing costs and sanctions is not evident from a reading of Supreme Court's decision (an improper practice in and of itself *[see,* 22 NYCRR 130-1.2]), a review of the record indicates that they were imposed as a result of defendants' motion to reargue. The gravamen of this motion was that the proof submitted by plaintiff in support of its motion for summary judgment was insufficient as a matter of law. Given that the court, in correspondence directed to the parties, admitted that the proof was in fact insufficient and that, in the absence of an additional factual proffer by plaintiff, defendants' argument was meritorious, there was legal basis for their pursuit of the reargument motion. Accordingly, an award of sanctions was inappropriate.

Weiss, P. J., Levine, Mercure and Casey, JJ., concur. Ordered that the order entered September 3, 1991 is affirmed, without costs. Ordered that the order entered November 6, 1991 is affirmed, without costs. Ordered that the order entered February 5, 1992 is modified, on the law and the facts, without costs, by reversing so much thereof as granted plaintiff's

application for costs and sanctions; said application denied; and, as so modified, affirmed.