■ AMANDA L. HOOK, Respondent, v VILLAGE OF ELLENVILLE, Appellant, et al., Defendants. [849 NYS2d 318]—

Carpinello, J. Appeal from an order of the Supreme Court (Bradley, J.), entered October 2, 2006 in Ulster County, which, among other things, denied the motion of defendant Village of

Ellenville for summary judgment dismissing the complaint against it.

One evening in September 2001, plaintiff was exiting a relative's residence when she injured herself by tripping and falling on a cracked and uneven sidewalk owned by defendant Village of Ellenville. She thereafter commenced this action to recover for her injuries. The principal issue on this appeal from a denial of the Village's motion for summary judgment is whether plaintiff submitted sufficient evidence to create a question of fact as to whether the Village affirmatively created this defect since the requisite prior written notice of same was admittedly not provided (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Stewart v Town of Waterford*, 152 AD2d 837, 839 [1989]).* Plaintiff attempted to prove the affirmative creation of a defective condition by the Village in two ways.

First, plaintiff argued that the area of the sidewalk where she fell was cracked and uneven because municipal vehicles had previously parked on it. In this regard, she relied on two separate affidavits of a nonparty witness who formerly resided at the subject premises. The first affidavit preceded this witness's deposition and the second followed it. In her first affidavit, this witness averred that municipal equipment was parked "*on* the very sidewalk" where plaintiff fell (emphasis added). Thereafter, however, she unequivocally testified at her deposition that she never saw municipal trucks or equipment on the subject sidewalk. In the second subsequent affidavit, she then "clarifies" that any municipal vehicles she may have observed during her period of residency were either within 20 feet of the subject sidewalk or parked "in front of" the premises where plaintiff fell. Even disregarding her inconsistencies on this issue, we are unpersuaded that this nonparty witness's latest affidavit raised a question of fact concerning whether the Village created the subject defect by parking any vehicle *on* the sidewalk.

Next, plaintiff proffered the affidavit of a licensed professional engineer who opined that the Village's purported repair of one portion of the sidewalk without also repairing the area where plaintiff fell created a dangerous condition. The problem with this opinion is twofold. First, the engineer has no knowledge as to when this alleged repair project took place or, most importantly, by whom. Additionally, he has no knowledge

---

* We reject plaintiff's contention that a prior order of Supreme Court denying an earlier motion for summary judgment is "law of the case," particularly in light of the subsequent deposition of a nonparty witness (*see Moser v Devine Real Estate, Inc. [Florida]*, 42 AD3d 731, 733 [2007]; *see also* Siegel, NY Prac § 287, at 470-471 [4th ed]).

whether the cracked and uneven slabs which caused plaintiff's fall were in fact cracked and uneven at the time of this prior repair. Thus, his opinion that an unsafe condition was created when certain slabs were replaced without replacing all slabs is based on pure conjecture. In any event, such a partial repair, even assuming it was performed by the Village, would have constituted an act of omission and not an affirmative act of negligence (*see Lifer v City of Kingston*, 295 AD2d 695, 696 [2002]). In the absence of any credible evidence that the Village created the defective condition that caused plaintiff's fall, the Village's motion for summary judgment should have been granted.

Cardona, P.J., Mercure, Crew III and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion of defendant Village of Ellenville; motion granted, summary judgment awarded to said defendant and complaint dismissed against it; and, as so modified, affirmed.