■ MANUFACTURERS AND TRADERS TRUST COMPANY, Appellant, v BRENDA J. MALICK, Respondent. [857 NYS2d 350]—

Stein, J. Appeal from an order of the Supreme Court (Rumsey, J.), entered May 14, 2007 in Broome County, which, among other things, denied plaintiff's cross motion for summary judgment.

In October 1999, defendant purchased a recreational vehicle (hereinafter RV) from Gordon Hakes, doing business as Painted Post Car Mart (hereinafter Painted Post), and financed her purchase with a retail installment contract, which was ultimately assigned to plaintiff. Defendant alleges that, at the time she purchased the RV, Hakes promised to register and title it in her name, which he never did.[1] Also, at the time of the purchase, the vehicle identification number given to plaintiff by Hakes was incorrect by one digit. After the purchase, defendant stored the RV at Painted Post, as she had with other vehicles in the past. Defendant also alleged that she had general discussions with Hakes about trading in the RV for a larger model, but had not given Hakes the authority to trade or sell it. Hakes sold defendant's RV to a third party in July 2001. Defendant alleges

---

1. Defendant concedes that she never followed up on this with Hakes.

that she subsequently learned of such sale[2] and that Hakes agreed to make the remaining payments owed to plaintiff at that time.[3] After July 2004, plaintiff received no further payments.

In March 2005, plaintiff commenced this action seeking the balance owed on defendant's retail installment contract. Defendant answered, asserting an affirmative defense pursuant to Personal Property Law § 302 (9), specifically, that plaintiff is subject to her defense that Hakes converted the RV. The parties cross-moved for summary judgment and Supreme Court denied both motions. Plaintiff now appeals. We affirm.

Supreme Court properly determined that plaintiff failed to make a prima facie showing of entitlement to judgment (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]) and that there were questions of fact which precluded granting plaintiff's cross motion for summary judgment (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Hook v Village of Ellenville, 46 AD3d 1318, 1319 [2007]). Personal Property Law § 302 (9) provides that an assignee of a retail installment contract shall be subject to all defenses of the buyer against the seller "arising from the sale" (emphasis added). Plaintiff contends, among other things, that since the sale was completed in 1999, two years before the alleged conversion, the conversion cannot be deemed to have arisen from the sale. Rather, plaintiff argues that the conversion arose out of a new relationship of bailor and bailee between defendant and Hakes, independent of the original sales transaction. Defendant argues that Hakes' misrepresentations at the time of the sale in 1999 were directly related to his subsequent conversion of the RV, rendering Personal Property Law § 302 (9) applicable, and that any inattentiveness on her part does not absolve Hakes.

Initially, we note that, notwithstanding defendant's admission that she had previously been a silent partner in a car dealership and has had dealer plates for many years, the record does not support a finding that defendant is a "merchant" as defined by UCC 2-104 (1). Viewing the evidence in the light most favorable to defendant (see Candelario v Watervliet Hous. Auth., 46 AD3d 1073, 1074 [2007]; Raven Indus., Inc. v Irvine, 40 AD3d 1241, 1242 [2007]), we also find that there are questions of fact as to

**2.** Defendant testified at her deposition that she was not sure whether she first discovered that the RV was no longer stored at Painted Post in December 2001 or in December 2002.

**3.** Apparently, Hakes made those payments until July 2004, when he filed for bankruptcy, and was subsequently incarcerated.

whether Hakes' conduct in giving plaintiff an incorrect vehicle identification number and failing to register defendant's RV or transfer title to defendant at the time of the sale facilitated his subsequent unauthorized sale of the RV to a third party, thus warranting a finding that it arose out of the initial sale, or whether the later sale arose out of a new contractual relationship between defendant and Hakes, or out of defendant's inattentiveness and, thus, was completely unrelated to the sale (*see Marine Midland Bank v Vivlamore*, 185 AD2d 506, 507 [1992]). We have considered the remaining contentions of the parties and have found them to be without merit.

Mercure, J.P., Peters, Kane and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.