■ RAYMOND MARSHALL, Appellant, v MAHADAYE S. KHAN et al., Respondents. [860 NYS2d 693]—

Spain, J. Appeal from an order of the Supreme Court (McNamara, J.), entered June 12, 2007 in Albany County, which, among other things, denied plaintiff's motion for partial summary judgment.

This dispute concerning various parcels of real estate arose out of defendant Mahadaye S. Khan's employment as plaintiff's accountant and various services that she performed attendant to plaintiff's real estate investments. The main issue on this appeal concerns a piece of improved real property at 800 Delaware Avenue in the Town of Bethlehem, Albany County. Khan and her husband, defendant Abasali Khan (hereinafter collectively referred to as defendants), purchased said parcel in October

2003, giving a purchase money mortgage in the amount of $240,000 to Banknorth, N.A. as part of the transaction. Thereafter, in August 2005, defendants entered into a real estate contract to sell said property to plaintiff, also agreeing to lease him the property until the transfer of title. It is undisputed that plaintiff made timely payment of the $30,000 deposit required in the parties' contract, but thereafter defendants refused to close, contending that the price term for the property was too indefinite. In September 2005, plaintiff commenced the instant action seeking specific performance under the contract for 800 Delaware Avenue, as well as various relief concerning other properties in dispute between the parties. After defendants answered and asserted various counterclaims, plaintiff moved for summary judgment on his seventh cause of action, seeking, among other things, specific performance on the 800 Delaware Avenue contract. Defendants thereafter cross-moved for summary judgment. In June 2007, Supreme Court, as relevant here, denied plaintiff's motion for partial summary judgment, finding issues of fact with regard to the agreed-upon purchase price for the property. Plaintiff appeals and we now modify.

Where it is clear from the language of a contract that the parties intend to be bound and the court has available "an objective method for supplying a missing term, the court should endeavor to hold the parties to their bargain" (*Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.*, 78 NY2d 88, 91 [1991]; *see Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d 475, 483 [1989], *cert denied* 498 US 816 [1990]; *F & K Supply v Willowbrook Dev. Co.*, 288 AD2d 713, 715 [2001]). This can be accomplished when the agreement itself provides a methodology for determining such term without the need for a new expression by the parties (*see Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.*, 78 NY2d at 91-92; *Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d at 483; *Tufano v Morris*, 286 AD2d 531, 534 [2001]). Here, we find sufficient specificity within the four corners of the parties' contract to determine the purchase price.

Defendants contend that the price term is ambiguous where it refers to "the balance of the existing mortgage and interest with any and all fees" inasmuch as the contract does not specify at what point in time the mortgage balance is to be considered the purchase price. However, that term is further modified by precise instructions on how plaintiff was to make payments. The purchase price clause directs dates by which plaintiff was to make certain deposit payments and then directs that plaintiff is to "[p]ayoff existing Mortgage, Interest and fees and transfer

cost." By directing plaintiff to take that specific action, we find that the contract clearly contemplated that the agreed-upon balance of the purchase price was the amount of the outstanding mortgage at the time of closing. Indeed, plaintiff could not be expected to "payoff" more than was due and owing. Moreover, if the mortgage term were to refer to any different date, the price clause would have required plaintiff to pay an additional amount to defendants, i.e., the difference between the balance of the existing mortgage on that different date and the balance of the mortgage at closing. Thus, because the intent of the parties is readily discernible from the four corners of the agreement, and the balance of the purchase price ascertainable by obtaining a payoff amount from the holder of defendants' mortgage at the time of closing, we hold that plaintiff is entitled to specific performance of the contract for 800 Delaware Avenue (*see Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d at 478).

We agree with Supreme Court that, on plaintiff's remaining claims, there are myriad issues of fact which preclude summary judgment (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Manufacturers & Traders Trust Co. v Malick*, 51 AD3d 1207, 1208-1209 [2008]).

Cardona, P.J., Peters, Carpinello and Stein, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion for partial summary judgment; motion granted and plaintiff is awarded summary judgment on the seventh cause of action; and, as so modified, affirmed.