REVELONE, INC., Appellant, *v.* ARLIND REALTY CORPORATION et al., Respondents, et al., Defendants.

First Department, March 3, 1949.

*Emily Marx* for appellant.

*Hyman B. Schutzer* of counsel (*David Karp* with him on the brief), for Arlind Realty Corporation and Sarah Schaffer, respondents.

*John C. O'Malley* of counsel (*Joseph V. McKee* with him on the brief; *Joseph V. McKee,* attorney), for Constantine Boutis, respondent.

CALLAHAN, J. This is an action for specific performance of a contract for the sale of certain real estate owned by the defendant Arlind Realty Corporation (hereinafter called Arlind) and situated in Nassau County, New York. The present appeal involves the rights and liabilities of. a grantee who took title to the property from Arlind with notice of the litigation and during the pendency of a prior appeal from a judgment dismissing the complaint in the action. The plaintiff furnished no undertaking on the appeal from said judgment of dismissal, which was subsequently reversed by this court (*Revelone, Inc., v. Arlind Realty Corp.,* 273 App. Div. 874).

The plaintiff commenced this action in April, 1947, on a contract of sale allegedly made with Arlind on or about February 11, 1946. The individual defendants Schaffer and Seaman are

the president of Arlind and a broker in the transaction, respectively. The summons and complaint also named one "John Doe" as a party defendant, intending by such designation to describe the purchaser of the property under a contract with Arlind made subsequent to the plaintiff's contract. In March, 1948, one Constantine Boutis, a respondent herein, was served with a copy of the summons and complaint as the defendant "John Doe" in the action.

Prior to the service of process on Boutis, the defendants Arlind and Schaffer had moved for summary judgment dismissing the complaint as against them. This motion was granted and a judgment of dismissal entered on September 22, 1947. The plaintiff appealed from that judgment. On November 1, 1947, an order was entered, pursuant to the provisions of section 586 of the Civil Practice Act, requiring the plaintiff to furnish an undertaking on appeal in the sum of $6,000 within ten days in order to stay the judgment of dismissal. The plaintiff failed to file any such undertaking within said time or at any time during the pendency of the appeal. After the expiration of the ten days an order was entered ex parte discharging of record the notice of pendency of action that had been filed by the plaintiff against the realty. Subsequently, and on January 15, 1948, Arlind conveyed the property to Boutis. On March 1, 1948, and after the transfer of the property to Boutis, this court reversed the judgment of dismissal, holding the complaint to be sufficient and that there were triable issues of fact.

In April, 1948, the plaintiff moved for leave to serve and file a supplemental complaint alleging, *inter alia*, that Boutis had taken title to the property on January 15, 1948, with actual notice of the pendency of this action. With respect to Boutis the proposed supplemental complaint demands judgment that he be directed to convey the property to the plaintiff and account for all rents and profits received. The motion to serve the supplemental complaint was denied, and the plaintiff appeals from the order entered on such denial.

We are satisfied that the service of the supplemental complaint would be proper as to the defendants Arlind and Schaffer. The original complaint has already been held sufficient as to them, and the supplemental pleading merely alleges events occurring subsequent to commencement of the action which might affect the remedy available to the plaintiff. We, therefore, reverse the order appealed from insofar as it denies the motion as to said defendants.

A different question is presented in regard to Boutis. There has been no prior holding that any cause of action exists as to him. The supplemental pleading alleges that Boutis paid the substantial sum of $25,000 in cash on a purchase price of $50,000 for the realty in question. There is no claim that Boutis is anything but an actual purchaser in his own right for full value. The only allegation in the supplemental pleading upon which it is sought to fasten liability upon Boutis is that he took title to the property on January 15, 1948, with actual notice of the pendency of this action. However, at that time the judgment of dismissal aforesaid had already been entered, and Boutis was not yet a party to the lawsuit. The plaintiff had served a notice of appeal, but failed to file any undertaking. The notice of pendency of action had been discharged of record. Therefore, one such as Boutis taking title to the real estate on January 15, 1948, with notice of the pendency of the action would also take with notice of these facts. Accordingly, the cases that deal with transfers of property to persons having notice of the equities of third parties, but which do not involve the effect of a judgment without a stay on appeal, have no bearing on the present situation.

The existence of any liability to the plaintiff on the part of Boutis under the circumstances of this case largely depends on the construction to be given to sections 586 and 587 of the Civil Practice Act. The material portions of these sections read as follows:

" § 586. *Rights of parties after appeal from judgment in favor of owner in certain real property actions.* When an appeal is from a judgment in favor of the owner of real estate * * * in an action to compel the specific performance of a contract for the sale thereof, such owner shall have the same right to sell or dispose of the same as though no appeal had been taken, unless the appellant shall file with the clerk of the court a written undertaking in a sum fixed by the court * * *, upon a notice to the respondent of at least ten days, * * * to the effect that the appellant, in case the judgment appealed from shall be affirmed, will pay to such owner such damages as he may suffer by reason of such appeal, not exceeding the amount of the penalty in such undertaking. Such undertaking may be filed at any time during the appeal, but any sale of such real estate or contract to sell the same in good faith and for a valuable consideration, after said judgment and before the filing of such undertaking, shall be as valid as if such undertaking had not been filed. In case such under-

taking shall not be filed, the respondent shall be entitled at any time during such appeal to an order discharging of record any notice of pendency of action filed in the action, and, in an action to compel the specific performance of a contract for the sale of real estate, also canceling and discharging of record said contract in case the same has been recorded.''

'' § 587. *Restitution.* When a final judgment or order is reversed * * * upon appeal, the appellate court, or the division or term of the same court to which the appeal is taken, * * * may make or compel restitution of property, or of a right, lost by means of the erroneous judgment or order; but not so as to affect the title of a purchaser in good faith and for value. When property has been sold, the court may compel the value or the purchase price to be restored or deposited to abide the event of the action, as justice requires.''

It has been noted that the supplemental complaint merely alleges that Boutis took title to the property with notice of the pendency of the action. There is no claim that the transfer was not genuine or that Boutis holds as Arlind's agent. It would seem, therefore, that the plaintiff seeks to hold Boutis accountable by applying the doctrine of *lis pendens.* However, it is expressly provided by section 121 of the Civil Practice Act that the proceedings in the action or any judgment therein shall not affect the real property after cancellation of the notice of pendency of action. In this case the discharge of record of the *lis pendens* under section 586 of the Civil Practice Act had the effect of cancellation at least until restored (*Farbro Corp. v. A. F. A. Realty Corp.*, 261 N. Y. 24, 30).

The doubt as to whether a transferee of the property with actual notice of the pendency of the action takes subject to the hazard that the judgment might ultimately be reversed on appeal arises from the statutory provision (Civ. Prac. Act, § 586) that '' Such undertaking may be filed at any time during the appeal, but any sale of such real estate or contract to sell the same *in good faith and for a valuable consideration,* after said judgment and before the filing of such undertaking, shall be as valid as if such undertaking had not been filed.'' (Italics supplied.)

The history of the statute is an aid in its construction. The aforesaid provisions of the Civil Practice Act (§§ 586, 587) were at one time part of the same section 1323 of the Code of Civil Procedure entitled '' Restitution; when awarded ''. (See L. 1880, ch. 529.) It is thus apparent that these sections must be read together in order to ascertain their meaning. It is evidently

the legislative purpose (1) to facilitate the transfer of property pending an appeal, and (2) to empower the court to compel restitution of property or a right lost by means of an erroneous judgment or order, but not so as to affect the title of a purchaser in good faith and for value. It is provided that when the property has been sold, the court may compel the value or the purchase price to be restored. However, the statute (Civ. Prac. Act, § 587, formerly Code Civ. Pro., § 1323, in part) has been frequently construed to mean that the right to direction for restitution on reversal of a judgment is limited to a judgment for a sum of money and that restitution is not enforcible by contempt (see *Marlee, Inc.*, v. *Bittar*, 257 N. Y. 240; *Harris* v. *Elliott*, 163 N. Y. 269; *O'Gara* v. *Kearney*, 77 N. Y. 423).

In addition to general provisions for restitution, the Code of Civil Procedure (§ 1323) also established a particular rule with respect to appeals in actions to compel specific performance of a contract for the sale of real property. This rule now found in section 586 of the Civil Practice Act provides that on an appeal from a judgment in favor of the owner in an action of this nature the said owner has the same right to sell the property as if no appeal had been taken, unless an undertaking has been furnished as provided in the statute. Following this broad right of disposition afforded to the owner, we find the provision authorizing the filing of the undertaking at any time during the appeal, but validating any interim sale of the property in good faith and for a valuable consideration. While the appellant may file his undertaking at any time, it would seem quite clear that the rights conferred under this section would be without effect unless an undertaking be filed at some time. Any other construction of the statute would bestow benefits on one failing to furnish an undertaking, though required by order of the court. We do not think that any such result was intended by the Legislature.

In this case we have reached the conclusion that a purchaser in the position of Boutis is to be deemed a purchaser in " good faith " as such term is used in the statute (Civ. Prac. Act, §§ 586, 587). In this connection it is significant that the owner of the property affected by the action is given the same right to sell in the absence of an undertaking as if no appeal had been taken (Civ. Prac. Act, § 586). We are accordingly persuaded that the expression or term " good faith " should be construed to mean that a purchaser of the property for full value, but with notice of the pendency of an

appeal, does not take subject to the risks of possible reversal of the judgment in the action. It seems unlikely that it was intended to continue the doctrine of *lis pendens* during appeal in the absence of an undertaking merely because a purchaser had actual notice of the pendency of the suit. The statute (Civ. Prac. Act, § 586) clearly provides for discharging any *lis pendens* of record on failure to file the required undertaking. And this is precisely what occurred in the present case. To hold that a purchaser of the property with actual notice of the pendency of an appeal takes subject to the outcome of the appeal would mean that such a purchaser was not entitled to give any force to the judgment dismissing the complaint or the discharge of the *lis pendens,* while the owner was free to sell as if no appeal had been taken.

Although the statute (Civ. Prac. Act, §§ 586, 587, formerly Code Civ. Pro., § 1323) has been in effect since 1880, we find no case holding that a person not a party to the action who purchases the property with actual notice of an appeal from a judgment dismissing the complaint takes subject to the hazard of such appeal.

In *Lowenstein* v. *Reikes* (258 N. Y. 444) a plaintiff trustee in bankruptcy sued to set aside a conveyance of real property sold by the bankrupt's wife. The complaint was dismissed. Pending an appeal the wife disposed of the property by sale. Some of the purchase price came into the hands of the wife's attorneys, who, of course, had notice of the suit and pendency of the appeal. On denial of an application to compel restitution by the attorneys, it was said (p. 446): '' The sale of the property during the pendency of the appeal was not a wrongful act. The plaintiff might have made it wrongful, or at all events ineffective, by filing an undertaking in accordance with the statute (Civ. Prac. Act, § 586), but this he refrained from doing. There is, therefore, nothing in the argument that the attorneys became wrongdoers by co-operating in the sale and receiving the purchase price.''

The rights and liabilities of one dealing with property pending appeal from a judgment in an action for specific performance are statutory in this State (Civ. Prac. Act, §§ 586, 587). The views expressed by the courts in other States are divergent on the question whether a person who takes title with actual notice of a pending appeal in such action takes subject to the hazards of the appeal. The decisions seem to be largely controlled by the provisions of the statutes in each State in respect to undertakings on appeal (see Note, 36 A. L. R. 421).

A comprehensive statement of the common-law rule and the effect generally of statutes requiring undertakings on appeal is found in *Chicago & Northwestern Ry. Co.* v. *Garrett* (239 Ill. 297, 302–303) as follows: " Assuming, but not deciding, that appellants had notice of the pendency of the writ of error, we are brought to the question whether they took subject to the final disposition of the case. The writ of error was not a *supersedeas*. The decree was therefore not affected by it, but, until the judgment of reversal was rendered, was valid and effectual, entitled to full faith and credit in all courts and enforceable by all appropriate means. Had it required the payment of alimony, such payment might have been enforced by execution or attachment in spite of the pendency of the writ of error. If it had been a decree of foreclosure, it might have been executed during the pendency of the writ of error by a sale of the premises involved, and the purchaser, if not a party to the suit, would have acquired a valid title not subject to be divested by the reversal of the decree. At common law the writ of error was itself a *supersedeas* and no bail was required. A defendant, by suing out a writ of error, could stop all proceedings in execution of the judgment without giving any security whatever. (1 Tidd's Pr. 530; 2 id. 1149; Bacon's Abridgement, Supersedeas, D. 4; *Omaha Hotel Co.* v. *Kountze,* 107 U. S. 378.) To avoid this evil various acts of parliament were passed requiring security in certain cases in order that the writ of error should operate as a *supersedeas*. Section 106 of the Practice act provides that no writ of error shall operate as a *supersedeas* unless the Supreme or Appellate Court, as the case may be, or some judge thereof in vacation, after inspecting a copy of the record, shall so order, and the plaintiff in error shall file a bond as in the case of appeal. Without such *supersedeas* the doctrine of *lis pendens* has no application to a writ of error. ' The writ of error without a *supersedeas* does not, of itself, stay the proceeding, and to argue otherwise would be to contend that a party might have the same relief upon a writ of error without *supersedeas* and without bond as he would be entitled to upon an appeal.' (*Lancaster* v. *Snow,* 184 Ill. 163.) Everybody was entitled to act upon the decree as a valid decree, and rights acquired in good faith by strangers to the decree, whether with or without notice of the writ of error, cannot be affected by its reversal."

We construe the New York statute to mean that the sale of the property to Boutis in the circumstances of this case confines the plaintiff to relief under section 587 of the Civil Practice Act

in lieu of specific performance in the event of ultimate success in the action. This section provides that the court may compel the value or purchase price of the property to be restored. There would seem to be no basis in law or in equity for compelling a purchaser such as Boutis who paid the purchase price to the owner to restore it to the plaintiff. "The very basis of the order of restitution is that the sale under the erroneous judgment * * * was lawful" (*Marlee, Inc.,* v. *Bittar,* 257 N. Y. 240, 243, *supra*). It would seem, therefore, that the supplemental complaint fails to state a cause of action against Boutis, and the order appealed from should be affirmed as to him.

The order appealed from should be reversed as to the defendants-respondents Arlind Realty Corporation and Sarah Schaffer, with $10 costs and one half of its disbursements to the plaintiff-appellant Revelone, Inc., and affirmed as to the defendant-respondent Constantine Boutis, with $10 costs and disbursements to said defendant-respondent.

PECK, P. J., GLENNON, DORE and SHIENTAG, JJ., concur.

Order unanimously reversed as to the defendants-respondents Arlind Realty Corporation and Sarah Schaffer, with $10 costs and one half of its disbursements to the plaintiff-appellant Revelone, Inc., and affirmed as to the defendant-respondent Constantine Boutis, with $10 costs and disbursements to said defendant-respondent. [See 275 App. Div. 709.]