■ LEON DA SILVA, Respondent, v ANTONIO MUSSO et al., Appellants.— In an action for specific performance of a binder agreement, defendants appeal from a judgment of the Supreme Court, Queens County, entered October 23, 1979, which, after a nonjury trial, was in favor of the plaintiff. Judgment reversed, on the law and the facts, and complaint dismissed, without costs or disbursements. We agree with the trial court that the binder agreement of sale of certain real estate for $641,000, which provided that the buyer was to take title subject, *inter alia,* to a second mortgage, then in the sum of $116,000, was sufficient to comply with the Statute of Frauds. However, the sellers were unaware (or had forgotten) that, pursuant to an extension agreement they had executed two years earlier, the entire balance of that mortgage was to become due if the premises were sold within five years thereafter. This error was discovered when the parties met with their attorneys for the signing of the formal contract, at which time attempts to resolve the problem were unsuccessful. The contract vendee sued for specific performance and the defendants pleaded mistake. The judgment in favor of the plaintiff must be reversed and the complaint dismissed. The binder agreement was based on the mistaken belief by both sides that the $116,000 mortgage would remain in effect. The fact that this was due to the unawareness or forgetfulness of the sellers as to a provision in a document they had executed some time earlier does not call for the drastic remedy sought by the plaintiff since, there was clearly no fraudulent intent and rescission of the agreement places the plaintiff fully in *status quo ante* (see *Rosenblum v Manufacturers Trust Co.,* 270 NY 79, 84-85; *Batto v Westmoreland Realty Co.,* 231 App Div 103; 37 NY Jur, Mistake, Accident or Surprise, § 17). Margett, J. P., Martuscello, O'Connor and Weinstein, JJ., concur.