■ Leon R. Da Silva, Appellant, v Suozzi, English, Cianciulli & Peirez, P. C., et al., Respondents. [649 NYS2d 680] —Order of the Supreme Court, Queens County (David Goldstein, J.), entered July 16, 1995, which granted the motion and cross

motions for summary judgment dismissing the complaint brought by defendants Albanese, Albanese & Fiore, by Meyer, Suozzi, English & Klein (sued herein as Suozzi, English, Cianciulli & Peirez, P. C.), and by the estate of J. Irwin Shapiro, unanimously reversed, on the law, without costs, the motion and cross motions denied, partial summary judgment granted in favor of plaintiff against said defendants on the issue of liability, and the matter remanded to Supreme Court for trial on the issue of damages.

Plaintiff brought this action for legal malpractice against defendant law firms, which represented him, respectively, in two actions for specific performance of an agreement (denominated "binder") for the sale of an apartment building. In the first action (Da Silva I), the Appellate Division, Second Department, reversing the decision reached by Supreme Court, held that plaintiff was not entitled to specific performance of the contract of sale and dismissed the complaint (Da Silva v Musso, 76 AD2d 879 [June 16, 1980]). By way of a consent agreement executed November 7, 1980, plaintiff replaced his prior attorney with defendant Meyer, Suozzi, English & Klein and was represented by defendant J. Irwin Shapiro, of counsel to the firm. No stay of the Appellate Division order pursuant to CPLR 5519 was ever sought. Defendants moved to cancel the notice of pendency filed in connection with the action (CPLR 6501, 6511). While opposing the application by the sellers to cancel the lis pendens pursuant to CPLR 6514 (a), plaintiff's new counsel took the position that it was unnecessary to maintain the notice of pendency. He reasoned that the clear indication in the record of the pending appeal was sufficient to preclude transfer of the property to a bona fide purchaser. Supreme Court (Albert Buschmann, J.) issued an order cancelling the notice of pendency on February 27, 1981.

On May 19, 1981, again on consent of plaintiff to substitution of counsel, defendant Albanese, Albanese & Fiore undertook his representation. On September 1, 1981, the premises were conveyed to Sun Place Realty Corp. which, concededly, took title with full knowledge of the pending appeal (see, Da Silva v Musso, 150 AD2d 73, 76). The Court of Appeals thereafter reversed the Appellate Division ruling and upheld plaintiff's right to specific performance. The Court expressly noted that it was error to effect a rescission of the transaction by foreclosing plaintiff's recovery of damages where such equitable relief had not been sought by defendants and was not warranted by the facts (Da Silva v Musso, 53 NY2d 543, 551 [Oct. 20, 1981]).

Plaintiff then commenced a second action (Da Silva II)

against the parties to the sale seeking, among other things, restitution for the loss of the benefit of his bargain. In this action, the Appellate Division, Second Department, affirming a judgment of the Supreme Court (Kassoff, J.), held that because the purchaser took title with full knowledge of the pending appeal, the interest so acquired is subject to plaintiff's rights, as ultimately determined in the action. Therefore the Court vacated the title of Sun Place Realty Corp. (*Da Silva v Musso,* 150 AD2d 73, 80, *supra*). However, it further held that, having charted a course seeking specific relief, plaintiff was not entitled to any further damages (*supra,* at 81).

An appeal by the purchaser ensued, in which plaintiff's attorneys neither cross appealed nor raised the issue of the dismissal of the alternative relief sought by plaintiff. The Court of Appeals reversed, holding that the vendee's knowledge of a pending appeal is without legal significance in the absence of a valid notice of pendency (*Da Silva v Musso,* 76 NY2d 436, 444 [June 12, 1990]). The ruling upheld the transfer of title and declared the deed to Sun Place Realty Corp. valid, but the order contained no provision for monetary relief. Judgment dismissing the complaint in accordance with the Court of Appeals' decision was signed on August 2, 1990. A motion to amend the remittitur was belatedly filed on September 12, 1990 and was dismissed by the Court of Appeals as untimely on November 20, 1990 (76 NY2d 959).

The complaint alleges that, in the course of *Da Silva I,* Meyer, Suozzi, English & Klein and its counsel, J. Irwin Shapiro (collectively, Suozzi), were negligent in allowing a notice of pendency to be canceled and in failing to obtain a stay to keep the notice in effect to preserve plaintiff's interest in the property. Plaintiff contends that the subsequent acquisition of the building by Sun Place Realty resulted in his loss of the substantial appreciation in the value of the premises. In representing plaintiff in *Da Silva II,* the complaint alleges that defendant Albanese, Albanese & Fiore (Albanese) was negligent in abandoning plaintiff's alternative right to recover monetary damages for the loss of his bargain by failing to brief the issue on appeal and, subsequently, by failing to amend the remittitur to preserve his claim for damages.

The motion for summary judgment brought by defendant Suozzi asserts that plaintiff has been unable to demonstrate that the firm's conduct fell below the level of ordinary and reasonable skill and knowledge commonly possessed by a member of the legal profession. Principally, the firm argues that its legal conclusion—that actual notice of the pending litigation

(*Da Silva I*) was a sufficient basis to void the title of a subsequent purchaser—was consistent with then applicable law and governing authority. Suozzi contends that, because its position represents the firm's best assessment regarding prevailing law, it should not therefore be held liable for a mere error in judgment.

Defendant Albanese's motion for summary dismissal of the malpractice complaint asserts that plaintiff has failed to establish injury in fact resulting from the denial of the firm's untimely motion to amend the remittitur. It argues that the failure to obtain amendment neither impaired nor extinguished plaintiff's right to recover monetary damages. Albanese also contends that it is not liable for any loss occasioned either by cancellation of the notice of pendency or by failure to procure a stay of the Appellate Division order dismissing the complaint as both events preceded its substitution as counsel of record. It asserts that plaintiff's prior failure to obtain a stay, incorporating an order to maintain the lis pendens, barred the firm from securing a subsequent lis pendens and stay of the Appellate Division order, as a matter of law.

Plaintiff's opposition to defendants' motions advances the contention that, in view of both the circumstances and prevailing law, the sound practice would have been for defendant Suozzi to have obtained a stay pending appeal, including posting an undertaking (CPLR 5519 [a] [6]; [c]) and filing a lis pendens (*see*, CPLR 6511 [a]) to protect plaintiff against all eventualities. With respect to defendant Albanese, plaintiff asserts that injury in fact resulted from the firm's failure to file a timely motion to amend the remittitur because he was deprived of the right to pursue his claim for monetary damages as a result of the firm's inattention.

In the instant malpractice action, Supreme Court held that plaintiff failed to clearly establish that defendant law firms' default in preventing cancellation of the lis pendens was fatal to his claim for monetary damages. The court further ruled that the failure of Suozzi and its counsel to obtain a stay was an error in judgment and does not constitute malpractice. The court therefore granted the motion brought by Suozzi and the cross motion brought by the estate of J. Irwin Shapiro for summary judgment dismissing the complaint.

With respect to defendant Albanese, Supreme Court found that, as a matter of law, plaintiff could not maintain a cause of action against the firm for legal malpractice. The court reasoned that the firm was retained one and a half months after the expiration of the thirty-day time period to appeal or

reargue the Appellate Division order which resulted in cancellation of the notice of pendency. Therefore, the firm cannot be held liable for errors, omissions, or events that occurred prior to its retention. The court further ruled that the firm's failure to timely move to amend the remittitur did not result in any injury to plaintiff.

Summary judgment in favor of defendants cannot be sustained. In view of the absence of authority for the position advanced by defendant Suozzi that the mere pendency of real estate litigation was ever construed as constructive notice to a prospective purchaser, the defense of an honest mistake in judgment is unavailable. Nor has any reasonable excuse been advanced for the failure of defendant Albanese to preserve the right to monetary damages—despite its previous, explicit recognition by the Court of Appeals—and the circumstance of clear opportunities to assert the claim and secure its preservation.

In order to establish a cause of action for legal malpractice, plaintiff must show that defendants' "conduct fell below the ordinary and reasonable skill and knowledge commonly possessed by a member of the profession (*Grago v Robertson*, 49 AD2d 645, 646). However, an attorney is not held to the rule of infallibility and is not liable for an honest mistake of judgment where the proper course is open to reasonable doubt * * * Thus, 'selection of one among several reasonable courses of action does not constitute malpractice' " (*Bernstein v Oppenheim & Co.*, 160 AD2d 428, 430, quoting *Rosner v Paley*, 65 NY2d 736, 738).

The contention of defendant Suozzi that the mere pendency of *Da Silva I* in the Court of Appeals was sufficient to protect plaintiff's interest in the subject property is without foundation. The only contemporaneous authority is *Revelone, Inc. v Arlind Realty Corp.* (274 App Div 656, *affd* 299 NY 667), in which this Court concluded that actual notice is insufficient to defeat a subsequent purchase where notice of pendency has been cancelled. There is no coincident prevailing authority for Suozzi's contrary position. Therefore, Suozzi did not make a "selection of one among several reasonable courses of action" (*Rosner v Paley, supra*, at 738), the chosen course being bereft of legal authority. Even granting, arguendo, that the law was unsettled, this Court's ruling in *Revelone* (*supra*) and the absence of any potential purchasers to notify of the pending litigation at the time the lis pendens was cancelled, the prudent course would have been to preserve the notice of pendency and avoid litigation of the issue.

Significantly, Suozzi failed to accede to plaintiff's desire to preserve the notice of pendency. Furthermore, it failed to heed the advice of Supreme Court (Albert Buschmann, J. [Jan. 12, 1981]) upon its denial of the purchaser's original motion to cancel the lis pendens that, in the absence of a stay, defendants would be entitled to cancellation (citing CPLR 6514). Suozzi, however, made no attempt to obtain a stay pending appeal. The inescapable conclusion is that the chosen course of conduct was unreasonable, as a matter of law, and therefore constitutes legal malpractice.

As to defendant Albanese, we note that recovery of monetary damages was sought in the original complaint in the alternative to specific performance (*Da Silva I*) and was recognized as a valid basis for recovery by the Court of Appeals in its resolution of the action (*Da Silva v Musso*, 53 NY2d, *supra*, at 551). Even overlooking the omission to assert this claim on appeal in the subsequent action (*Da Silva II*), the failure to preserve plaintiff's claim for restitution in the face of a disposition precluding recovery of the property effectively deprived plaintiff of his earlier victory.

The record before the Court together with the favorable outcome in *Da Silva I* demonstrates that " 'but for' the attorney[s'] negligence the plaintiff would have prevailed in the underlying case" and establishes malpractice as a matter of law (*Pacesetter Communications Corp. v Solin & Breindel*, 150 AD2d 232, 233, *lv dismissed* 74 NY2d 892). Concur—Milonas, J. P., Ellerin, Rubin, Ross and Nardelli, JJ. [*See*, 165 Misc 2d 792.]