[654 NYS2d 117]

**P.T. Bank Central Asia, Respondent, v Chinese American Bank, Appellant, et al., Defendant.**

First Department, February 11, 1997

## APPEARANCES OF COUNSEL

*Lawrence A. Maldelker* of counsel, New York City *(Robin Nelson Wolfe* on the brief; *Kantor, Davidoff, Wolfe, Mandelker & Kass,* attorneys), for appellant.

*Robert A. Zadek* and *Barry M. Benjamin* of counsel, New York City *(Buchalter, Nemer, Fields & Younger,* attorneys), for respondent.

## OPINION OF THE COURT

RUBIN, J.

This dispute involves the procedures for filing and maintaining a recorded security interest under article 9 of the Uniform Commercial Code and presents a case of first impression in this jurisdiction. Central to its resolution is the interplay between UCC 9-401 (2) and 9-403 (2) governing, respectively, the effect of actual knowledge of a competing creditor's financing statement and the effect of lapse on a security interest. Reduced to its essentials, the issue is whether knowledge is a material consideration following a lapse with respect to one out of two required filings. Disposition of this matter therefore requires a determination of the scope to be accorded to UCC 9-401 (2), which relieves the creditor from an error in filing "made in good faith in an improper place or not in all of the places required by this section". Based upon an analysis of the applicable provisions and the intent expressed in the Comment to

UCC 9-401, it is the conclusion of this Court that, irrespective of the lapse of the first filing, a second filing in full compliance with the requirements of article 9 remains effective against a creditor with actual knowledge of the contents of the financing statement. Therefore, a question of fact is presented concerning plaintiff's knowledge of the contents of the financing statement filed in this case, and the award of summary judgment in its favor cannot stand.

In conformance with the general New York requirement that a financing statement be filed in two places—with the Department of State in Albany and the county in which the debtor maintains a single place of business or in which it resides (UCC 9-401 [1] [c])—defendant-appellant Chinese American Bank filed a UCC-1 financing statement with both the Department of State and with the City Register in New York City. While subsequent filings with the Department of State were in all respects proper, the bank allowed its filing with the City Register to lapse.

King Cheong Hong Co., Inc. became indebted to Chinese American Bank in 1970, conveying an interest in personal property to the bank as security. In October 1970, Chinese American filed a financing statement with the Department of State in Albany. In 1976, it filed a second original financing statement and thereafter filed timely continuation statements with the Department of State. No defects or lapses are asserted in these filings, and their propriety is therefore not at issue on this appeal.

Also in October 1970, Chinese American Bank filed an original financing statement with the City Register. In May 1976, rather than the second original financing statement it filed in Albany, Chinese American filed a continuation statement (UCC-3) with the City Register in New York. This statement was signed by both the debtor and Chinese American Bank and referred to the file number of the original financing statement. In June 1981 (three weeks after the deadline), Chinese American filed another continuation statement with the City Register. In 1986 and 1991, continuation statements were again filed.

On this appeal, defendant-appellant Chinese American Bank contends that the untimely filing of the continuation statement with the City Register in 1976 was nevertheless sufficient to revive the effectiveness of the original financing statement, filed six years earlier, and therefore to restore the perfected status of its security interest. This argument is hardly convinc-

ing in view of the plain meaning of UCC 9-403. However, Chinese American Bank further contends that the good-faith filing of its financing statement is effective because an officer of plaintiff bank had knowledge of its contents (UCC 9-401 [2]). In opposition, plaintiff-respondent P.T. Bank Central Asia maintains that the security interest irrevocably lapsed upon expiration of the five-year period of effectiveness of the original financing statement (UCC 9-403 [2], [3]). Bank Central Asia therefore asserts the priority of its own security interest, arising out of a security agreement executed by King Cheong Hong Co. in 1986, the validity of which is not in dispute.

The record discloses that a Mr. C. C. Lee began work for Chinese American Bank in March 1978 as an assistant vice-president. In September 1978, Mr. Lee signed a loan offering sheet making reference to the bank's first priority security interest in the debtor's property. He executed similar documents in January 1979, March 1980, April 1981, May 1982 and January 1984 and, in the capacity of vice-president, periodically reviewed Chinese American Bank's loan to King Cheong Hong Co. Within two years of leaving Chinese American Bank's employ in 1984, Mr. Lee began work for P.T. Bank Central Asia. It is alleged that Mr. Lee's signature appears on two financing statements filed in October 1986 relating to a loan extended by Bank Central Asia to the debtor.

On or about January 12, 1995, King Cheong Hong Co.'s creditors agreed that the law firm of Selig, Laufer & Selig, P. C., representing Chinese American Bank, would collect the debtor's assets and place the proceeds into escrow until such time as the respective lienholders' positions were clarified. Bank Central Asia commenced this action following defendant Chinese American Bank's refusal to accede to plaintiff's demand for the escrowed funds. The complaint against Chinese American Bank and Selig, Laufer & Selig, P. C. seeks a judgment directing defendants to account for and turn over the funds, asserting causes of action for breach of the lienholders' agreement, conversion of the escrow funds and, as against Selig, Laufer & Selig, breach of its fiduciary duty under the escrow agreement.

Defendant Chinese American Bank moved for summary judgment dismissing the complaint of Bank Central Asia against it (CPLR 3211). Supreme Court's memorandum decision notes the absence of any factual dispute in the initial submissions of the parties and their agreement that summary judgment would be appropriate pursuant to CPLR 3211 (c). The nature of

plaintiff's opposition to the motion is unknown as it did not file an opposing affidavit, instead confining its submissions to a memorandum of law and a letter to the court, both dehors the record. It is clear from the moving papers submitted by defendant Chinese American Bank, however, that it considered plaintiff's knowledge of the financing statement central to the determination of the priority of the creditors.

Supreme Court granted summary judgment to plaintiff (CPLR 3212 [b]), holding that Chinese American's security interest lapsed upon its failure to file a timely continuation statement with the City Register by October 1975. The court further held that any knowledge Bank Central Asia might have possessed regarding the security interest previously recorded by Chinese American Bank is legally irrelevant to the determination of priority.

On appeal, Chinese American Bank contends, as it did below, that the continuation statement it filed with the City Register in May 1976 served to revive its lapsed financing statement and reperfected its security interest. This contention is both contrary to the plain language of the statute and the interpretation of similar enactments by the courts (*e.g., Matter of Levine*, 10 AD2d 877 [no provision for revitalization following noncompliance with filing or refiling requirements]). As a recent decision of this Court makes plain, filing requirements are normally subject to strict construction (*Da Silva v Suozzi, English, Cianciulli & Peirez*, 233 AD2d 172).

Insofar as pertinent, UCC 9-403 provides:

"(2) * * * [A] filed financing statement is effective for a period of five years from the date of filing. The effectiveness of a filed financing statement lapses on the expiration of the five year period unless a continuation statement is filed prior to the lapse * * * Upon lapse the security interest becomes unperfected, unless it is perfected without filing. If the security interest becomes unperfected upon lapse, it is deemed to have been unperfected as against a person who became a purchaser or lien creditor before lapse.

"(3) A continuation statement may be filed by the secured party within six months prior to the expiration of the five year period specified in subsection (2) * * * Upon timely filing of the continuation statement, the effectiveness of the original statement is continued for five years after the last date to which the filing was effective whereupon it lapses in the same manner as provided in subsection (2) unless another continuation statement is filed prior to such lapse."

Chinese American Bank further asserts that, as a matter of equity, actual knowledge of its security interest should operate to estop Bank Central Asia from asserting the priority of its own security interest. The only section dealing with the consequences of an improper filing in article 9 is the good-faith exception to the dual filing requirement found in UCC 9-401 (2). This subdivision provides: "A filing which is made in good faith in an improper place or not in all of the places required by this section is nevertheless effective with regard to any collateral as to which the filing complied with the requirements of this Article and is also effective with regard to collateral covered by the financing statement against any person who has knowledge of the contents of such financing statement."

Because the record suggests that Bank Central Asia's vice-president had knowledge of the security interest recorded by Chinese American Bank a decade earlier, the propriety of summary judgment turns on whether or not this provision is controlling under the circumstances of this case. It is plaintiff's position, however, that this section is applicable only to the initial filing of a financing statement and is superseded by UCC 9-403 (2) in the case of lapse. However, plaintiff gives no reason why the submission of the wrong document to the City Register should be regarded as something less than "[a] filing which is made in good faith" or deemed to result in something other than a filing which is "not in all of the places required" within the contemplation of UCC 9-401 (2). Plaintiff simply relies on a strict construction of this provision in the effort to deny Chinese American Bank the benefit of the relief it affords.

■ Before turning to its main point, plaintiff raises a threshold issue in support of its award of summary judgment. It contends that Chinese American Bank has failed to demonstrate that it entered into a security agreement with King Cheong Hong Co. because it did not submit a copy of the document to Supreme Court to substantiate that interest. Of greater significance, however, is that the record is devoid of any indication that Bank Central Asia raised this point on the summary judgment motion. This is clearly a matter that could have been resolved by the submission of documentary evidence, obviating consideration of the issue by the court, and it may not therefore be raised for the first time on appeal (*Telaro v Telaro*, 25 NY2d 433, 438, quoting *Cohn v Goldman*, 76 NY 284, 287; *see also, Recovery Consultants v Shih-Hsieh*, 141 AD2d 272, 276).

■ Plaintiff cites a number of cases in support of its contention that the lapse in the security interest filed by Chinese

American Bank with the City Register is fatal to defendant's status as a preferred creditor. However, the cases upon which plaintiff relies are inapposite to the issue before the Court. Most arise in jurisdictions that require only a single filing (*e.g., NBD Bank v Timberjack, Inc.*, 208 Mich App 153, 527 NW2d 50; *Kubota Tractor Corp. v Citizens & S. Natl. Bank*, 198 Ga App 830, 403 SE2d 218; *Tuftco Sales Corp. v Garrison Carpet Mills*, 158 Ga App 674, 282 SE2d 159 [express cancellation of security interest]; *Matter of Reda, Inc.*, 54 Bankr 871 [ND Ill]) and, thus, shed no light on the effect of the lapse of one of two required filings pursuant to UCC 9-401 and 9-403. In the one case cited from New York, it is clear that the creditor allowed both the local and State filings to lapse (*Matter of Sweeney*, 95 Misc 2d 22 [Sur Ct, Erie County]). These cases typically involve the advancement of a junior creditor ahead of a senior creditor that has allowed its interest to lapse (UCC 9-403 [2]; *e.g., Bostwick-Braun Co. v Owens*, 634 F Supp 839 [ED Wis]). *State Sav. Bank v Onawa State Bank* (368 NW2d 161, 164 [Sup Ct, Iowa]), which is to the same effect, also endorses the position advanced by defendant Chinese American Bank that a competing creditor's knowledge of an existing security interest, filed in an improper place, renders its interest subordinate, even though its own filing is in all respects proper. The cases cited by plaintiff, however, do not address the ramifications of a creditor's knowledge of a security interest, filed prior to its own and remaining effective in one of two required filing locations.

In support of its award of summary judgment, plaintiff argues at some length that " 'actual knowledge' of a security interest is irrelevant to the issue of priority under the U.C.C." The cases it cites in support of this sweeping proposition, however, all involve security interests of competing creditors that were realigned due to the complete lapse of the security interest held by the senior creditor, resulting in the priority of the formerly junior creditor (UCC 9-403 [2]). Where a statute specifies a single place for the recording of an interest, strict compliance with filing provisions is generally required (*Da Silva v Musso*, 76 NY2d 436, 441-442, citing *Revelone, Inc. v Arlind Realty Corp.*, 274 App Div 656, *affd* 299 NY 667). As noted, the matter on appeal is unusual in two significant respects: (1) the interest of the senior creditor lapsed in only one of the two locations where it was required to be recorded and (2) at the time it filed, the junior creditor appears to have known of the senior creditor's security interest in the collateral.

Plaintiff argues, disingenuously, that UCC 9-403 (2) makes no distinction between a junior creditor that acquires its interest before the lapse in the recording of the senior creditor's interest and a junior creditor that acquires its interest subsequently. Relying solely on the application of UCC 9-403 (2) to resolve the priority in interest, plaintiff concludes that knowledge of the senior interest is irrelevant to the advancement of the junior creditor's interest. Application of UCC 9-403 (2) in isolation, however, circumvents consideration of UCC 9-401 (2) and its effect on plaintiff's subsequent security interest. Under the latter provision, knowledge of the contents of the financing statement filed by Chinese American Bank relegates plaintiff to the status of junior creditor (*see, State Sav. Bank v Onawa State Bank, supra,* at 164). To sustain the award of summary judgment to plaintiff Bank Central Asia, it is necessary to eliminate any factual question with respect to knowledge its officer might have possessed regarding the contents of the senior creditor's financing statement (CPLR 3212 [b]; *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404; *Wiener v Ga-Ro Die Cutting*, 104 AD2d 331, 333, *affd* 65 NY2d 732). Thus, what remains to be decided is whether, under the circumstances of this case, the lapse in defendant's filing with the City Register renders both of its filings ineffective, making UCC 9-401 (2) inapplicable and leaving UCC 9-403 (2) as the exclusive ground for determination of the priority of the competing creditors.

Plaintiff relies on *State Sav. Bank v Onawa State Bank* (*supra*) and *McCollum v Reisinger* (146 Bankr 649 [US Dist Ct, MD Pa]) to support its contention that failure to file a continuation statement produces such a result. It contends that this case is therefore subject to the general rule of UCC 9-403 (2) that, without regard to knowledge of the prior security interest, "upon lapse of a senior perfected security interest, the holder of a junior perfected security interest advances in priority" (*State Sav. Bank v Onawa State Bank, supra,* at 166 [citing *Frank v James Talcott, Inc.*, 692 F2d 734, 739 (11th Cir 1982); *Security Natl. Bank & Trust Co. v Dentsply Professional Plan*, 617 P2d 1340, 1343 (Okla); *Morse Electro Prods. Corp. v Beneficial Indus. Loan Co.*, 90 Wash 2d 195, 200, 579 P2d 1341, 1343-1344]).

The *State Sav. Bank* case, however, is readily distinguishable on its facts. The senior creditor (Onawa State Bank) filed its financing statement at the county level (the improper place) in 1972. In 1976, State Savings Bank, with full knowledge of

Onawa State Bank's interest, filed at the State level (the proper place), rendering it a junior creditor pursuant to UCC 9-401 (2). In 1977, Onawa improperly filed a timely continuation statement, also at the county office and, in 1981, State Savings Bank properly filed a timely continuation statement at the State office. The Iowa Supreme Court held *(supra,* at 165) that "filing a continuation statement in the improper place is the equivalent of not filing; it does not prevent lapse." It is necessary for our purposes to simply note that Iowa requires filing in only one location and, upon lapse, there is no other filing that can be considered effective. As the Iowa court stressed: "A creditor should only be required to make a search for a continuation statement in one office, the office where the financing statement and continuation statement should be filed" *(State Sav. Bank v Onawa State Bank, supra,* at 165). By contrast, New York, having adopted a variant of the third alternative to subdivision (1) of UCC 9-401 *(see,* NY Commn Comments, reprinted in McKinney's Cons Laws of NY, Book 62$^{1}$/$_2$, UCC 9-401, at 487), is a dual filing jurisdiction, and it is expected that a potential creditor will routinely look in one of two places to learn of another filing with respect to the subject collateral.

The only case directly on point cited by plaintiff is *McCollum v Reisinger (supra).* There is some difficulty in following this decision—in both the literal and judicial sense—because, among other shortcomings, a number of dates essential to its outcome seem to have been misstated. It would appear that the subject collateral secured the debt of Roger Reisinger with respect to both a 1985 loan from Samuel McCollum and a 1986 loan from Commerce Bank. McCollum filed a financing statement with the Commonwealth of Pennsylvania on October 18, 1985 but failed to make the requisite filing at the county level. The bank filed at both the State and county level, presumably on July 25, 1986.[1] Realizing his omission, McCollum also filed with the county that very same afternoon—one minute before the bank. However, McCollum never filed a continuation statement with the State, and this filing became ineffective as of October 1990.[2] Reisinger filed a bankruptcy petition on February 13, 1991, the controlling date for determination of the seniority of the creditors' competing interests.

---

1. This date is given in the opinion *(supra,* at 650) as July 25, 1992; however, reference is subsequently made *(supra,* at 652) to July of 1986.

2. The opinion states that lapse occurred in October 1991; but it is clear that lapse occurred "five years after he filed his original financing statement" on October 18, 1985 *(supra,* at 650).

Plaintiff urges this Court to adopt the reasoning of the District Court in *Reisinger* (146 Bankr, *supra*, at 652) that UCC 9-401 (2) does not apply to a lapse in filing because it "calls for a good faith error as to the proper place of filing. McCollum originally made such an error, but corrected it in July of 1986 when he filed with the prothonotary of Dauphin County. He knew that he needed to file in both places. When his financing statement with the Commonwealth lapsed, it was not an error as to the proper place to file, but an error as to the need for a continuation statement." Plaintiff argues that this case is especially significant to the determination of the instant appeal because Chinese American Bank was never under any misapprehension regarding the offices in which its financing statement was required to be filed.

The question that naturally arises is whether the term "good faith error" was intended to apply strictly to a creditor's uncertainty with respect to the location of filing, as interpreted in *Reisinger* (*supra*), or whether it is intended to apply to filing defects in general. The more liberal construction of the provision finds support in Comment 5 to UCC 9-401, which sets forth the purpose it is intended to carry out: "When a secured party has in good faith attempted to comply with the filing requirements but has not done so correctly, subsection (2) makes his filing effective in so far *[sic]* as it was proper, and also makes it good for all collateral covered by the financing statement against any person who actually knows the contents of the improperly filed statement. The subsection rejects the occasional decisions that an improperly filed record is ineffective to give notice even to a person who knows of it * * * [F]iling in only one of two required places is not effective except as against one with actual knowledge of the contents of the defective financing statement." Several observations are in order. First, the Comment does not indicate an intention to limit the provision's effect to errors solely with respect to the place of filing; it applies generally to any creditor who has "attempted to comply with the filing requirements but has not done so correctly". Second, it flatly rejects the notion that a competing creditor can rely on such an error to avoid rendering his interest subordinate as a consequence of his actual knowledge of the financing statement. Third, it specifically anticipates the situation presented by this case, stating that filing in only one of two required places is nevertheless effective against a competing creditor with actual knowledge. Fourth, neither the Comment nor the provision itself contains any express or

implied limitation on its operation, either with respect to time or ensuing events, that would obviate the consequences resulting from knowledge of the otherwise ineffective filing. In sum, nothing in the Comment suggests that a creditor with junior status by virtue of its actual knowledge of the contents of the senior creditor's financing statement might be able to utilize a filing error to advance its security interest ahead of the interest of the senior creditor.

The construction embraced by the District Court in *Reisinger* (*supra*) and proposed by plaintiff for adoption in this matter results in an undesirable incongruity. Reading the language of UCC 9-401 (2) together with the Comment, it is clear that a single filing in compliance with the requirements of UCC article 9 remains effective as against a competing creditor with actual knowledge of its contents. The District Court, by employing a strict construction of UCC 9-401 (2), effectively negates its operation, relying exclusively on UCC 9-403 (2) to produce a contrary order of priority between the creditors. Nothing in either UCC 9-401 (2) or 9-403 (2) states that a lapse makes a creditor's knowledge of a defective financing statement "irrelevant", as plaintiff asserts. Nothing in either section supports plaintiff's implicit assumption that a subsequent lapse is substantively distinguishable from "an improperly filed record" or a "defective financing statement". Stated another way, there is no language in article 9 providing that a lapse pursuant to UCC 9-403 (2) will vitiate the financing statement, made effective as against a creditor with actual knowledge by virtue of UCC 9-401 (2). The result reached by the District Court in *Reisinger* (*supra*) contravenes the established rule of statutory construction that the parts of a statute are to be harmonized and full effect given to each to achieve the legislative purpose (*Sanders v Winship*, 57 NY2d 391, 395-396; *see*, McKinney's Cons Laws of NY, Book 1, Statutes § 98).

Because the drafters of the Uniform Commercial Code provided various alternatives from which the States could choose with respect to the place of filing (State-wide, local or a combination of the two), it is perhaps unavoidable that the filing provisions lack the internal consistency of Code provisions that are truly "uniform" in their application. In resolving any conflict between UCC 9-401 (2) and 9-403 (2), it is significant that the former section, dealing with the effect of knowledge of a misfiled security interest, specifically takes dual filing into account while the latter section, dealing with the effect of lapse, does not. It is a settled rule of statutory construction that the

more specific provision is controlling (*see, e.g., People v Mobil Oil Corp.,* 48 NY2d 192, 200 ["a general provision of a statute applies only where a particular provision does not"]; *Matter of Prospect v Cohalan,* 109 AD2d 210, 216 ["specific provisions of the statute must prevail over the general provisions"], *affd* 65 NY2d 867; *see,* McKinney's Cons Laws of NY, Book 1, Statutes § 238). As this Court stated in *People v Marrero* (71 AD2d 346, 349-350), "where the Legislature enacts a specific provision directed at a particular class, and a more general provision in the same statute which might appear to encompass that class, the specific provision will be applied". The lapse provision is applicable generally to jurisdictions that require either single or dual filing of financing statements. The good-faith provision, by contrast, applies particularly to jurisdictions that require statements to be filed in two places, and it must therefore be deemed controlling.

As a practical consideration, it is illogical to give more favorable treatment to a creditor who fails to file in one of two required places than to a creditor who files in both places but, as the result of some omission or error, fails to make an effective filing in one of the two locations. The matter on appeal is illustrative. Chinese American Bank, recognizing that its original financing statements filed in 1970 had lapsed, filed new statements in 1976, submitting a new UCC-1 financing statement to the State office but erroneously submitting a UCC-3 continuation statement to the local office. There is no suggestion, in either the record or the briefs, that the document was rejected for filing by the City Register, only that an erroneous document was submitted. Plaintiff's construction is unacceptable because a creditor whose interest cannot be discovered (because he neglected to file any document at all at the location) would be given the benefit of UCC 9-401 (2) based upon his "good faith" attempt to file, whereas a creditor whose interest can be discovered, but is simply documented incorrectly, would be denied the benefit of the provision.

Both the intent expressed by the Comment to UCC 9-401 (2) and the rules of statutory construction favor application of the provision to the circumstances of this case. Plaintiff's actual knowledge of the contents of the financing statement filed by defendant Chinese American Bank is material to the priority of security interests between the two creditors and therefore presents an issue of fact for resolution at trial.

Accordingly, the order of the Supreme Court, New York County (Beatrice Shainswit, J.), entered May 20, 1996, which,

*inter alia*, denied defendant's motion to dismiss the complaint and granted summary judgment to plaintiff, declaring that its security interest in certain collateral is superior to defendant's, should be modified, on the law, to the extent of denying plaintiff summary judgment and, except as so modified, affirmed, without costs.

WALLACH, J. P., NARDELLI, WILLIAMS and ANDRIAS, JJ., concur.

Order, Supreme Court, New York County, entered May 20, 1996, modified, on the law, to the extent of denying plaintiff summary judgment and, except as so modified, affirmed, without costs.