■ HAPWORTH MEDICAL SERVICES, P. C., Respondent, v FRANCESCA KRESS, Appellant. [630 NYS2d 322] —Order, Supreme Court, New York County (William Davis, J.), entered January 3, 1994, which denied the defendant's motion for summary judgment dismissing the complaint, and granted plaintiff's cross motion for sanctions pursuant to 22 NYCRR part 130, to the extent of directing defendant's attorney to pay $2,500 to plaintiff's attorney and $2,500 to the Lawyers' Fund for Client Protection pursuant to State Finance Law § 97-t, unanimously modified, as a matter of discretion, to delete the provision imposing sanctions and costs pursuant to 22 NYCRR 130-1.1, and otherwise affirmed, without costs.

The IAS Court properly denied defendant's second motion for summary judgment on the ground that it was not based on evidence that was unavailable to defendant at the time she made her first motion (*Levitz v Robbins Music Corp.*, 17 AD2d 801; *see also, Marine Midland Bank v Fisher*, 85 AD2d 905, 906). In any event, on the merits, the enforceability of covenants restricting health care professionals from competing with a former employer or associate have been recognized (*Gelder Med. Group v Webber*, 41 NY2d 680, 683). Questions of fact are present, including those concerning the validity of the covenant in light of the ethical constraints on the plaintiff's principal and the defendant.

We disagree, however, with the trial court's imposition of sanctions (22 NYCRR 130-1.1), because the defendant's actions in bringing a motion for summary judgment against the complaint, after having brought a prior motion for summary judgment on a counterclaim, did not rise to the level of frivolous conduct such that sanctions were warranted (*Marine Midland Bank v Vivlamore*, 185 AD2d 506, 508).

We have considered and rejected defendant's remaining claims. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Mazzarelli, JJ.