■ NATIONAL ENTERPRISES CORP. et al., Respondents, v DECHERT PRICE & RHOADS, Appellant. [667 NYS2d 745] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered April 3, 1997, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Shortly before its initial public offering, defendant law firm's nonparty client, Avant-Garde Computing, had changed accountants because of a disagreement over the financial reporting treatment of equipment lease transactions with a related entity. The law firm failed to advise disclosure of this information in the initial registration statement and prospectus and failed to apprise its clients of the legal consequences of such nondisclosure, resulting in a Federal securities fraud class action, which plaintiffs herein settled. Plaintiffs seek in this action to recover the settlement amount and the legal fees incurred in defense of the class action.

Viewing the evidence in the light most favorable to the opponents of the summary judgment motion, there are triable issues of fact as to whether the law firm's conduct fell below the standard of care and, if so, whether such breach of duty was the "but for" cause (*Davis v Klein,* 88 NY2d 1008, 1009-1010) of plaintiffs' loss.

Merely because, at the time of the public offering, an existing Securities and Exchange Commission rule required such disclosure only with respect to public companies, and not as to those selling their shares to the public for the first time, a sophisticated corporate law firm should not have automatically concluded that such disclosure is not material in all other circumstances not encompassed by the rule; the absence of a governing rule should not have been viewed as a safe harbor,

particularly in light of the overarching principle of full and fair disclosure and the possibility that the nondisclosure could have rendered other disclosure made misleading under the circumstances. Contrary to the law firm's characterization of its decision that the disclosure was not material, this was neither an unassailable exercise of judgment in selecting from among reasonable alternatives (*see, Rosner v Paley*, 65 NY2d 736; *Da Silva v Suozzi, English, Cianciulli & Peirez*, 233 AD2d 172, 176) nor a failure to anticipate a novel legal development (*cf., MCEG Sterling v Phillips Nizer Benjamin Krim & Ballon*, 169 Misc 2d 625, 628-629).

While the class plaintiffs in the securities fraud action had alleged other fraudulent nondisclosures, the law firm failed to carry its burden of showing that such action would have been brought even without the accounting nondisclosures. Plaintiffs' submissions tended to indicate that the accounting nondisclosures constituted the most significant allegations in the fraud action. Nor was plaintiffs' settlement of the fraud action a superseding cause of their loss as a matter of law, since there was a triable issue as to whether the settlement was compelled by the malpractice (*see, Whitman & Ransom v Revson*, 220 AD2d 321).

We note that the law firm's summary judgment motion was its second in this action. Multiple summary judgment motions should be discouraged in the absence of newly discovered evidence or sufficient cause (*Public Serv. Mut. Ins. Co. v Windsor Place Corp.*, 238 AD2d 142; *Forte v Weiner*, 214 AD2d 397, *lv dismissed* 86 NY2d 885). Although the instant motion was submitted after amendment of the complaint and further disclosure, no new issue was tendered by these developments that could not have been adjudicated when the initial motion was made (*see, Hapworth Med. Servs. v Kress*, 218 AD2d 575; *Phoenix Four v Albertini*, 245 AD2d 166). Concur—Wallach, J. P., Rubin, Tom and Andrias, JJ.

