(August 30, 2007)

■ The Promenade, Respondent, v Schindler Elevator Corporation, Appellant, et al., Defendants. (And Other Actions.)
[841 NYS2d 275]—

Judgment, Supreme Court, New York County (Edward H. Lehner, J.), entered May 18, 2005, upon a jury verdict awarding plaintiff damages, and bringing up for review an order, same court and Justice, entered November 12, 2004, denying defendant-appellant's motion for summary judgment, modified, to the extent of vacating the judgment and remanding for a new trial on the issue of damages at which recovery shall be limited to damages accruing prior to the expiration of the 1989 elevator maintenance contract on June 30, 1994, and otherwise affirmed, without costs.

Appellant's 2004 summary judgment motion was properly denied since it was not based on evidence unavailable at the time of appellant's prior motion for the same relief (*see e.g. Phoenix Four v Albertini*, 245 AD2d 166 [1997]; *Hapworth Med. Servs. v Kress*, 218 AD2d 575 [1995]).

On a prior appeal (1 AD3d 240, 241 [2003]), this Court found that certain allegations in the complaint and certain interrogatory responses gave appellant "fair and timely notice" that plaintiff was putting the 1989 preventive maintenance contract in issue. In so doing, we necessarily rejected appellant's now re-iterated argument that plaintiff was required to move for leave to amend its complaint. However, the fact that the complaint was not amended to include breach of any subsequent agreement allows for recovery for the duration of the 1989 five-year maintenance contract only (*see* CPLR 3013; *Sean M. v City of New York*, 20 AD3d 146, 150 [2005]; *cf. Zaid Theatre Corp. v Sona Realty Co.*, 18 AD3d 352, 354 [2005]).

The testimony of appellant's employee, Robert Delaney, established a foundation for the first two pages of exhibit 13, which dealt with preventive maintenance (*see People v Cratsley*, 86 NY2d 81, 89 [1995]). Since "CPLR 4518 (a) is silent as to who, if anyone, must introduce a business record" (*People v Kennedy*, 68 NY2d 569, 577 [1986]), it does not matter that exhibit 13 was introduced into evidence during the subsequent testimony of Dr. Robert Grunes. Although a foundation was not established for the "Call Back Log" portion of exhibit 13, the error in admitting those pages was harmless, since it was clear from the trial testimony that callbacks differ from preventive maintenance.

Appellant's confusingly worded objection to Dr. Grunes's opinion on preventive maintenance from 1989 to 1991 failed to preserve its current arguments. Were we to consider them, we would find that Grunes had an adequate basis for his opinion and that the trial court properly exercised its discretion (*see Gallo v Linkow*, 255 AD2d 113, 117 [1998]) in permitting his opinion testimony on an issue of which appellant was well aware, even though it was not specifically mentioned in the CPLR 3101 (d) disclosure or Grunes's expert report (*see Reed v City of New York*, 304 AD2d 1, 8-9 [2003], *lv denied* 100 NY2d 503 [2003]).

We have considered appellant's remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Friedman and Buckley, JJ.

McGuire, J., concurs in a separate memorandum as follows: I agree with the majority's conclusion that the judgment must be vacated and a new trial held limited solely to the issue of the extent of the damages sustained by plaintiff, if any, as a result of breaches by defendant-appellant of the 1989 elevator maintenance contract, which commenced on July 1, 1989 and terminated on June 30, 1994. I write separately with respect to a specific contention of appellant that the majority does not address.

On the prior appeal (1 AD3d 240 [2003]), this Court determined that the allegations in the complaint and plaintiff's responses to interrogatories gave appellant fair and timely notice that plaintiff was putting in issue the 1989 contract (*id.* at 241). I agree that, in doing so, we necessarily rejected appellant's contention that plaintiff was required to move for leave to amend its complaint. We did not, however, necessarily decide the issue of whether plaintiff also was permitted to recover damages for breaches of that contract which allegedly occurred *after* this action was commenced. Accordingly, Supreme Court erred to the extent it ruled that the law of the case doctrine required denial of appellant's in limine motion to preclude evidence relating to alleged breaches occurring after the action was commenced. Nevertheless, under the particular facts of this case, I agree that plaintiff may seek damages for postcommencement breaches of the 1989 contract; appellant was, prior to trial, on notice of plaintiff's claim for these damages and extensive discovery with respect to this claim was conducted.