Genesis REOC Co., LLC v Poppel (2022 NY Slip Op 02947)

Genesis REOC Co., LLC v Poppel

2022 NY Slip Op 02947

Decided on May 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 03, 2022

Before: Renwick, J.P., Kapnick, Friedman, Rodriguez, Pitt, JJ. 

Index No. 156733/17 Appeal No. 15843-15843A Case No. 2020-04283, 2021-03694 

[*1]Genesis REOC Company, LLC, et al., Plaintiffs-Respondents,
v
Stuart Poppel et al., Defendants-Appellants, Berman Indictor LLP etc., Defendant.

Traub Lieberman Straus & Shrewsberry LLP, Hawthorne (Gregory R. Bennett of counsel), for Stuart Poppel and Poppel Law LLC, appellants.
The Law Office of Edward Copeland, New York (Edward Copeland of counsel), for Charles Williams and Peckar & Abramson PC, appellants.
Ressler & Ressler, New York (Ellen R. Werther of counsel), for respondents.

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered October 1, 2020, which, to the extent appealed from as limited by the briefs, denied defendants Stuart D. Poppel, Esq. and Poppel Law LLC's and defendants Charles E. Williams, III and Peckar & Abramson, PC's (the Williams Defendants) motions to dismiss the legal malpractice claims as against them, unanimously affirmed, with costs. Order, same court and Justice, entered September 8, 2021, which denied defendants' motions to clarify and/or vacate and/or resettle the 2020 order and/or renew and/or reargue their motions to dismiss, unanimously affirmed, with costs.
Defendants' argument that the amended complaint does not allege facts sufficient to establish an attorney/client relationship is unavailing, given the affidavits by plaintiffs' principal, Andrew Stone, submitted in opposition to defendants' motions, describing the parties' relationship and defendants' agreement to represent plaintiffs (see Rushaid v Pictet & Cie, 28 NY3d 316, 327 [2016]). Nor is it dispositive that plaintiffs and the Williams Defendants did not have a retainer agreement with respect to the engagement, given Stone's explanation of the agreement he had with the Williams Defendants, the advice they gave him, the acts he undertook as part of the Williams Defendants' engagement, and his reliance on their advice (see Pellegrino v Oppenheimer & Co. Inc., 49 AD3d 94, 99 [1st Dept 2008]).
The amended complaint and the affidavits sufficiently allege negligent representation. Plaintiffs allege that defendants had an undisclosed scheme to advance the interests of nonparty Karim Hutson and his wholly owned entities over plaintiffs' interests, that they structured their investments in the relevant real estate projects so that the economic benefits of those projects were diverted to Hutson, and that they failed to disclose their conflict of interest while assuring plaintiffs that their financial interests would be protected (see e.g. Yuko Ito v Suzuki, 57 AD3d 205, 207-208 [1st Dept 2008]).
The amended complaint and the affidavits sufficiently allege proximate cause. Plaintiffs allege not simply that defendants made an error in judgment but that they actively and surreptitiously assisted Hutson in diverting funds away from plaintiffs (see Lappin v Greenberg, 34 AD3d 277, 279 [1st Dept 2006]). To the extent defendants rely upon evidence that other factors contributed to the loss, that simply raises an issue of fact not to be determined on the pleadings (Voluto Ventures, LLC v Jenkens & Gilchrist Parker Chapin, LLC, 46 AD3d 354, 355 [1st Dept 2007]).
We reject defendants' argument that the settlement agreements in a separate action against Hutson negated the element of proximate cause. Plaintiffs' claims against defendants were expressly excluded from the settlement agreements in the Hutson action (see e.g. Maxwell Partners, L.L.C. v Building Studio, LLP, 32 AD3d 321, 324 [1st Dept 2006]).
The court properly denied [*2]defendants' motions to clarify, vacate, or resettle the 2020 order, as defendants offered no grounds for such relief. The court properly denied the part of defendants' motions that sought to renew their motions to dismiss, as defendants offered no new facts that would have changed the original determination. The court also properly disposed of the part of the motion that sought reargument, as it discussed the merits of the motion, in effect, granting the motion and adhering to the original determination (see Pezhman v Chanel, Inc., 126 AD3d 497 [1st Dept 2015]).
We have considered defendants' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 3, 2022